2   158
93   238

## CREIGHTON, ET ALS. v. PAINE & PAINE.

1. When a sale is made by virtue of a decree in Chancery, the Court has power to put the purchaser in possession, when it is withheld by the defendant, or any one who has come into possession *pendente lite*.

2. When possession after such a sale is withheld, the proper course is, for the purchaser to petition the Court, setting forth his purchase, the deed under which he claims the land purchased by him, and by whom the possession is withheld, and that notice has been given of the application. If the possession is withheld by one who is concluded by the decree, the Chancellor will direct a writ of possession to issue. If this order be not obeyed, an injunction will issue, and if not obeyed, a writ of assistance will issue as a mattter of course.

3. An appeal cannot be prosecuted, by the person in possession, against the complainant, to an order directing possession to be given to the purchaser, but must be prosecuted against the purchaser.

Error to the Chancery Court at Mobile.

THIS bill in Chancery was filed by the defendant in error against William Creighton to foreclose a mortgage.

UPON the answer of the defendant, the Court decreed a sale of the property described in the bill. A sale was advertised by the complainaint, and postponed to a day beyond the next term. At the next term, the order of sale was revised. During the next vacation, a sale was made, but the purchaser failing to comply with the terms, the property was again sold to the Planters' Bank by the Register, at his risk.

When the Register reported the sale to the Chancellor, he suggested that, since the decree and before the sale, the defenant had died. The Court confirmed the sale.

At the next term, on application of the purchaser, the following order was made. "At a preceding term of this Court, a sale of the mortgaged premises was ordered by the Court; after decree and before sale the mortgagee died, leaving a widow and children. The Register went on to make the sale, and now the widow of the mortgagor and his chidren, being in possession, refuse to surrender it to the purchaser; on her part, on the ground, that she is entitled to dower, and on theirs, that

a descent has been cast on them; the purchaser moves for a writ of possession, and it is ordered that such writ issue.

On the same day Mary Creighton, the widow of William Creighton, and William, Mary and Eliza Crieghton, her children, came and prayed an appeal from the order last made, which was granted by the Chancellor.

The appeal bond is executed payable to the complainant.

Mr. STEWART, for the plaintiff in error,
Mr. CAMPBELL, contra.

ORMOND, J.—The counsel for the plaintiff has brought to the notice of the Court several matters, which occurred previous to the application of the purchaser for the writ of possession; which, if erroneous, cannot be noticed at this time, as there is no party now before the Court, who has the right to complain.

The object of the appeal, is to review an order of the Chancellor, directing a writ of possession to issue against the widow and children of the original defendant.

It was denied by the counsel, for the plaintiff in error, that a Court of Chancery had power to put a purchaser, under the decree of the Court, into possession of the premises, at least, without notice to the person in possession, that application would be made for such an order. It appears to be very clearly settled, that a Court of Chancery has the power after a decree of foreclosure and sale of the mortgaged premises, to put the purchaser in possession, if the possession is withheld by the defendant, or any person, who has come into possession under him, *pendente lite.* This is an incident of the right of the Court to foreclose the mortgage and decree a sale of the premises. The whole proceeding is *in rem*, and the decree acts upon the possession, which is sold with the land. It would indeed be a strange anomoly, if the Court, which passed on the rights of the parties, and ordered a sale of the land, could not perfect its act by putting the purchaser in possession, but must turn the party over to obtain the possession by another suit.

The mode however, in which this was attempted, is altogether irregular. The proper course is for the purchaser to

petition the Court, setting forth his purchase, the deed under which he claims, and particularly describing the land purchased by him, and by whom the possession is withheld, and that such person has had notice of the intended application. If, on examination, the Chancellor is satisfied that the possession is withheld by some one who is concluded by the decree, that is, by the defendant himself, or some one who has come in under him *pendente lite,* he will make a decretal order, that the possession be delivered to the purchaser, unless the master had been previously, directed by the decree of foreclosure, to put the purchaser into possession. If this order be not complied with, on application, an injunction will issue commanding those in possession forthwith to deliver it up; and on affidavit of service of the injunction, and refusal, a writ of assistance to the Sheriff to put the party in possession, issues of course, on motion, without notice.

That this is the practice of the Court, is shewn by Chancel lor Kent in the case of Kershaw v. Thompson, 4 John Chan. Rep. 609; and Dove v. Dove, 1 Bro. 375.

It was insisted by the defendant's counsel, that, authority was given by statute to the Chancellors, to issue a writ of possession, but that power is only given where a decree is rendered on a bill for specific performance. See Aikins's Dig. 287.

But although this proceeding is wholly irregular, and unauthorized either by statute, or by the course of proceedings in a Court of Chancery, it cannot be redressed in this Court on the present application.

This appeal is taken by those in possession against the complainants, and the bond to prosecute the appeal is executed to them. But they are not actors in this proceeding; but, so far as we can gather from the record, are entirely passive.

The order of the Chancellor recites, that the purchaser moved for a writ of possession, which was granted on his motion. It is therefore irregular to prosecute the appeal against parties, who have had no agency in producing the result complained of, and have no interest in contesting it; for the reason, therefore, that this appeal is not prosecuted against the Planters' & Merchants' Bank, the purchaser of the premises sold under the decree, the appeal is dismissed.