## TRAMMEL v. SIMMONS.

1. One who is ejected from land of which he was in possession, under process issued from a Court of Chancery, in a cause to which he was not a party or privy, cannot, on error, avail himself of irregularities occurring in the decree, or other part of the proceedings.

2. *Semble,* although Chancery may have power to put a party into possession, of land, who purchases at a sale made under its decree, where the possession is withheld by the defendant, or any one who comes in *pendente lite,* it is not allowable to eject a mere stranger, having no connection with the defendant, either immediately, or mediately.

3. The decree for the foreclosure and sale of mortgaged premises, directed, that the purchaser be let into possession ; the purchaser found a stranger in possession, of whom he demanded it, informing him, unless it was yielded up, the Register would be moved for a writ of *assistance,* to eject him, &c. The demand was disregarded, the writ issued, the individual in possession ejected, and the purchaser let in to its enjoyment : *Held,* that the party dispossessed cannot have the irregularity corrected on error, but his remedy is by an application to the Chancellor.

Writ of Error to the Court of Chancery sitting in Henry.

The facts of this case, so far as it is necessary to notice them, may be thus condensed. Moses Mathews obtained a decree for the foreclosure of a mortgage, and a sale of the mortgaged premises, against John M. Kimmey. Among other things, the decree directs that the Register " execute a deed, or deeds, of con-

veyance to the purchaser or purchasers, and that they respectively be let into possession of the premises, which may be by them purchased." The defendant in error became the purchaser of a part of the land, and gave notice of the fact to Trammel, demanded the possession, and informed him, that unless he yielded it up, the Register would be moved for a writ of assistance to eject him, and substitute the purchaser in his stead.

The demand was disregared, the writ was issued, Trammel ejected, and the purchaser let into possession.

Trammel sued a writ of error, returnable to this Court, to revise the proceedings consequent upon the decree of foreclosure and sale, so far as they affect him.

E. W. Peck, and L. Clark, for the plaintiff in error.

No counsel for the defendant.

COLLIER, C. J.—The plaintiff's counsel have called our attention to what are supposed to be errors in the record of the cause between Mathews and Kimmey. It is enough to say, in answer to these, that even if they were available in a direct proceeding between the parties to the decree, they cannot be noticed at the instance of a stranger.

True, the decree directs, that the purchasers at the sale by the Register, should be let into possession, but, if this order can operate, so as to warrant the adoption of coercive measures, it cannot affect any one but the mortgagor himself, or, possibly, his tenant. In Creighton, et al. v. Paine and Paine, 2 Ala. Rep. 158, it was held, that the Court of Chancery has power to put a person in possession, who purchases at a sale made under its decree, when it is withheld by the defendant, or any one who comes in *pendente lite.* In that case we pointed out the course of procedure proper to be pursued, upon an application being regularly made by the purchaser. It was there said, that if, on examination, the Chancellor is satisfied the possession is withheld by one who is concluded by the decree, he will make a decretal order, (unless the decree of foreclosure directed it,) to deliver the possession to the purchaser.

If this order is disobeyed, an injunction will issue, commanding the party in possession forthwith to deliver it up, then upon a re-

fusal being duly made known, a writ of assistance to the sheriff, to put the purchaser in possession, issues of course, on motion.

The recital of the facts in the present case, very clearly shows that the proceedings complained of were not regular. But there is no order operating directly upon the party ejected, and consequently no action of the Chancellor, which can at his instance be revised on error. In Creighton, et al. v. The P. & M. Bank, 3 Ala. Rep. 156, the person in possession made himself a party, by appearing and resisting the order, and it was held that it might be reviewed at his instance. Here, there is nothing but the notice to Trammel, the affidavit of that fact, and his refusal; the application to the Register for the writ of assistance, the writ and its execution, against which he can ask relief. It is clear that the remedy of the plaintiff in error is not in this Court, he should have applied to the Chancellor, whose powers are ample, for the correction of any irregularity in the issuing or executing process by its ministerial officers.

The writ of error is consequently dismissed.