GELPEKE et al., *vs.* MIL. & HORICON R. R. CO.

APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard October 18, 1860.]        [Decided February 16, 1861.

## Receiver—*Assistance,* writ *of*—*Practice.*

The rights of a party cannot be concluded or determined by an order or judgment
  of a court, made in a cause, in which such party has not a strict right to appear
  and defend such rights, without leave of the court. DIXON, C. J.

Where the rights of a party cannot be concluded or determined by the order or
  judgment of the court, made in a cause before it, such party will not be admit-
  ted to argue for or against the granting of such order or judgment. DIXON, C. J.

A writ of assistance will be granted against a party to a judgment, but not against
  a person not a party to the record, who is claiming possession adversely and in-
  dependently of the parties to the record; and who cannot appear and defend his
  rights before the court of strict right. PAINE, J.

Where there is a doubt in the mind of the court, whether an order granting a writ of·
  assistance in a cause pending in the circuit court, is an appealable order; that
  doubtfulness is a sufficient reason why an application to the supreme court, to
  stay proceedings upon such writ pending an appeal to the supreme court upon
  the order, should not be granted. COLE, J.

The supreme court will not, upon a motion to stay proceedings upon an order .ap-
  pealed from, determine whether the order is an appealable one. COLE, J.

On the 29th of May, 1860, the plaintiffs commenced an ac-
tion against the defendant, and set forth in the complaint,
that the plaintiffs had obtained a judgment against the de-
fendant; that execution had issued against them and been
returned unsatisfied; and also averred that the defendant had
property which it unjustly refused to apply to the payment of
the plaintiffs' judgment, and there was danger of its loss and
misapplication by the officers. The complaint prayed for a
discovery and an injunction, and also for the appointment of
a receiver of the company's property and assets, &c. The
order appointing a receiver was made on the 19th of July,
1860, and E. B. Wolcott appointed and qualified. He resigned
his appointment on the 24th, and the court then appointed J.
C. Fairchild, who qualified, &c.

On the 25th of September, 1860, an attachment, in the na-

ture of a writ of assistance was issued against Lindsey Ward, Wm. H. Garlick and D. L. Harkness, for contempt of court committed in resisting the receiver in his possession of the railroad. On the 29th, Ward answered in the matter of the attachment, as stated in the opinions of the supreme court, that he held the road as a receiver appointed by the U. S. district court of Wisconsin. In the meantime the circuit court had made John B. Smith and N. B. Caswell creditors of the defendant, parties plaintiff in the action. On the 30th of September, the attorneys of the original plaintiffs' Gelpeke, Heutgen and Reichelt, moved the court to vacate the order appointing Fairchild receiver. This motion was resisted by the attorney of the plaintiffs, Smith and Caswell, and on the 6th of October it was denied. On the 5th of October, the original plaintiffs made affidavits and moved the court for a change of venue on account of prejudice of the judge. This motion was on the 6th of October postponed to the 9th, and on the latter day the motion was denied, on the ground that the application should have been by petition and not by affidavit and motion. From those orders the plaintiffs took separate appeals; from the former, on the 6th and the latter, on the 10th of October. The plaintiffs, Smith and Caswell, protested against the change being made. On the 10th of October the United States Insurance Company, a creditor of the defendant, filed its petition to be made a party, plaintiff, which was granted the same day.

On the 8th of October, the appellants procured an order from the Chief Justice of this court, to show cause why the writs of assistance issued in the cause on the 1st, 2d and 6th of October, should not be stayed pending the appeals to this court. This order was based on affidavits, and cause being shown, also on affidavits, it came on to be heard before the court on the 18th day of October, 1861, when the counsel for Mr. Ward, *Messrs. Carpenter & Butler*, claimed the right to be heard upon the motion and also upon the appeals. This claim was resisted by *A. D. Smith* and *E. G. Ryan* on behalf of the respondents; and upon that claim, the following opinions were filed by the court, on the 16th of February, 1861.

DIXON, C. J. I know of no method by which I can so conveniently and properly comply with the request of counsel, to express in writing my opinion of the applica-

tion of Messrs. Carpenter and Butler, as the counsel of Lindsay Ward, for and in his behalf to be heard in the argument of the motion, as by treating that application as a distinct and independent branch of the case, as it was in fact treated and disposed of by the court at the hearing. It was conceded by counsel on all sides, that Mr. Ward had no legitimate standing before the court, and that *stricti juris* his counsel could not be heard. This was claimed and conceded by all the counsel, and the application when made, was addressed to the grace or favor of the court. Because he was not properly before the court and because his counsel were obliged to make their application in this form, I was of opinion that the favor which they asked ought to be extended to them. For I hold it to be one of the most salutary and beneficial and sacred rules of our law, that the rights of no person can be adjudicated and determined in any proceeding by any court or tribunal before which he cannot, as a matter of strict *right* appear, and in such proceeding defend or maintain those rights. This is a fundamental principle which lies at the foundation of our entire jurisprudence, both legal and equitable, and when it is conceded in any case that an individual whose rights are supposed to be affected by it, or the order or judgment which is to be pronounced in it, cannot appear before the court in which it is pending and defend those rights, except as a matter of *favor*, it is to my mind a concession that such rights cannot be concluded or determined by such order or judgment.

But to come to the facts of the case. At the time the receiver, appointed herein, attempted to take possession of the railroad of the defendants, its rolling stock, fixtures and appurtenances, Mr. Ward was in possession of the same by virtue of his appointment as receiver, made in two cases which had theretofore been commenced in the district court of the United States in the district of Wisconsin. One of these suits

was commenced in the district court prior to the commencement of that in which the present appeal was taken, and the appointment of the receiver in that suit was made before the appointment was made in this.

The other suit in which Mr. Ward claims the right of possession, by virtue of his receivership, was instituted after this action was begun, and his appointment was made on the same day that a receiver was appointed in this case.

His possession as receiver dates long prior to the time when Mr. Fairchild, the receiver in this action, demanded to be let in, and long before the writ of assistance was applied for. A copy of the motion for the writ of assistance, and the affidavits upon which the same was founded, were served upon Mr. Ward, and he by his counsel appeared before the circuit court to resist the granting of the same.

Now, although there are cases in which courts will allow the writ of assistance to go against persons who are not before the court in the character of parties to the suit in which it is applied for and who in that sense may be said to be strangers, I do not think the present is such an one. It seems to me clear that it is not. The authorities with which I am acquainted, only go to the extent of allowing the writ against third persons, under circumstances where it is clear that such third persons went into possession *pendente lite*, and claimed under the parties to the suit by title accruing subsequent to its commencement; or when, if their title was paramount, the possession was subsequent, and was taken by fraud and collusion with the parties to the action, and for the purpose of defeating its objects, or when it was evident that such third person had no possessory rights whatever.

I know of no case where it has been adjudged that the possession of a stranger, who sets up a superior title in pursuance of which he claims to have entered and to hold, might be thus disturbed. In such cases it has been the uniform

rule to leave the parties to their remedy by action. And in this case I think that the circuit judge erred in proceeding to award the writ as against Mr. Ward, when it appeared that he was in possession by virtue of the order of the district court made in a proceeding to foreclose a mortgage which had been previously executed by the corporation defendant. When this was made to appear, he should have arrested the proceeding and turned the parties over to their appropriate remedy by action. His attempts to adjudicate upon and settle the rights of Mr. Ward, upon a *mere motion,* supported by affidavits, was unauthorized. Such was not the proper mode of proceeding by which to determine his rights. It is only adapted to those cases where the court can say clearly and unhesitatingly, that the possession is subsequent to the commencment of the action, and subject to the decree or order which has been made, or that the person holding the same has no legal right. And it could make no difference that the jurisdiction of the district court to entertain those actions, was assailed and denied. That too was a question of great gravity and importance, and not to be disposed of with the same speed and facility that we would strike out an obviously frivolous answer or demurrer. It was one which admitted of, at least, some doubt, and upon either side of which the most learned counsel would not think it unbecoming or improper to spend many hours or days in earnest argument, before any court where it should be raised. And the very fact that it would admit of such doubt or argument, was sufficient to exclude it from the consideration of the court upon such a motion. For that reason I was opposed to and refused to hear its discussion in this court upon the present motion. Courts can only act in such cases where the right of the parties are obvious, and not the subjects of doubts or serious controversy.

It was urged that unless the question involved could be determined in this proceeding, that then the receiver was

remediless, and there was no form of action in which Mr. Ward, admitting his possession to be without warrant of law, could be deposed. I cannot agree to this proposition. I think it may be done by some one of the forms of action now in use.

The counsel for Mr. Ward urged us to express an opinion as to whether he was liable to be molested by the process. It seems to follow from our conclusion that his claim is of such a nature that it cannot be decided upon this motion; that he is not a party against whom the writ ought to be executed.

PAINE, J. This was a suit commenced by petition under the statute authorizing the sequestration of the property of an insolvent corporation. E. B. Wolcott was first appointed receiver by the circuit court, but afterwards resigned in vacation, and the judge appointed J. C. Fairchild in his stead, who accepted the trust, and gave bonds to the satisfaction of the judge. The order appointing the receiver directed him to take possession of the road and property of the corporation. He demanded possession, which was refused, and he then, by his counsel, applied to the court for a writ of assistance, to obtain possession. It appears that notice of this motion was given to Lindsay Ward, who was already in possession of the road and property under two appointments as receiver, by the district court of the United States. His counsel appeared, and in opposition to the issuing of the writ, showed the fact by the records, affidavits, &c. It appeared from the records that one of the suits in the district court, in which he was appointed receiver, was commenced before the sequestration suit in the state court.

The other was commenced afterwards upon a mortgage previously executed by the company to secure certain bond-

holders, and on which some installments of interest were due. It appears, also, that Ward was appointed receiver in the first suit, before any receiver was appointed in the circuit court. The counsel for the plaintiff in the sequestration suit also appeared and protested against the right of the receiver to apply for the writ on his own motion, and against the wish of the plaintiff, and opposed the issuing of the writ. It was, however, issued, and from the order granting it the plaintiff appealed to the court. He then obtained an order from the Chief Justice, staying proceedings temporarily upon the writ, and requiring cause to be shown before the court, why the proceedings should not be permanently stayed. Upon this order the counsel for the various parties, and the counsel for Mr. Ward, appeared before the court; and the same papers used before the circuit court, and perhaps some others were presented. Several questions were discussed, involving the appealability of the order, the power of the court to stay proceedings under it, and the question whether upon the facts appearing from the papers presented by Mr. Ward's counsel, and the other papers, Ward had any right to hold possession of the property against the receiver appointed by the circuit court. Upon this point it was claimed by the counsel for the receiver, Fairchild, that the proceedings in the district court were without jurisdiction, and that Ward, therefore, stood in no better position than a trespasser. His counsel then asked leave to be heard in his behalf upon the point, and the question now to be determined is, whether such leave should be granted. For one, I think it should not. And my reason for so thinking is, that it seems obvious to me that Mr. Ward's rights ought not to be determined on an application of this kind, in a suit to which he is not a party.

The question is not whether his claim of right under the proceedings of the district court is well founded. It may be conceded, for the purpose of this application, that it is not.

But the question here is whether even, conceding that it is not, it ought to be determined against him in a suit to which he is not a party, and on an application, where, as a matter of strict law, he has no right whatever to be heard. It seems to me that the very statement of the question forces at once an answer in the negative. If his counsel appeared in the circuit court, it was by courtesy—if they are permitted to be heard here, it will be in the same way. The fact that the court below, and the counsel for the parties, extended to them that courtesy, and the fact that counsel were willing it should be extended here, showed that in their judgment rights as important as those in controversy in this proceeding, ought not in justice to be determined without giving the parties interested an opportunity to be heard.

The fact that if he is heard here at all, it can only be by courtesy, would seem, therefore, to show conclusively, that this is not the appropriate method of determining his rights.

And such, I understand to be the well settled rule of law. The writ of assistance is issued to execute a judgment requiring some party to be let into the possession of the property. That judgment is binding upon all the parties against whom it was rendered, and all others coming into possession under them after suit brought, and not in pursuance of a specific right in the property previously acquired Against all such, the writ of assistance should be executed by the officer. But that judgment is not binding upon those who are not parties, and did not come in under parties in the manner just stated. And if any such other person is in possession, claiming the property by a title adverse to that of the parties to the suit, or under a right acquired before the suit, the officer is not bound, or authorized to execute the writ of assistance against him. And it is undoubtedly upon this theory that the rules of the court upon which the counsel relies, entitles him to the writ, as a matter of

course, without applying to the court at all. It is no hardship for him thus to take it if it can be executed only against those bound by the judgment or order already made. But it would be repugnant to the entire spirit of the law to allow a party to take, as a matter of course, a writ under which he could divest of his possession, one as against whom he had no judgment authorizing it.

And the court will, not therefore, on a mere application for this writ, which might be obtained without any application, undertake to adjudicate upon the rights of the parties claim-. ing the property under such an adverse title. In the case of *Frelinghuysen vs. Calden,* 4 Paige, 204, the Chancellor thus states the doctrine: " Where mortgaged premises are sold under a decree of foreclosure, the purchaser is entitled to the assistance of the court in obtaining possession, *as against parties to the suit,* or those who have come into possession under them, subsequent to the filing of a notice of the commencement of the suit. But this court has no jurisdiction in a summary proceeding to determine the rights of third persons, claiming title to the premises, who have recovered possession of the same by legal and adverse proceedings against a party to the suit, under a claim of right which accrued previous to the filing of the bill of foreclosure." See also *Van Hook vs. Throckmorton et al.,* 8 Paige, 33. In *Boynton vs. Jackway,* 10 Paige, 36, the same doctine is thus repeated: " The power of this court to give possession to the purchaser at a master's sale, by a summary proceeding, only extends to those persons who are parties to the foreclosure suit, or persons who have come into possession under or with the assent of those who are parties, subsequent to the commencement of the suit. In *McCord's Heirs vs. McClintock,* 5 Lit., 304, the court says: " Under the writ of *habere facias possessionem,* which issued under the decree, it was undoubtedly irregular for the sheriff to dispossess Sims.

The doctrine is well settled, that a decree has no legal efficacy against persons not a party or privy to the suit in which it is pronounced; and as the object of the writ of possession which issued in favor of the heirs of McCord, was to carry into effect the decree upon which it issued, the sheriff most indubitably can have derived therefrom no authority to dispossess Sims, who was no party to the suit, and who held the possession under McClintock, who was also no party."

Upon this rule, to which other authorities might be cited, if necessary, it must be assumed that if Ward occupies such a relation to the property that an officer would not have the right to execute the writ as against him, that then it should not be so executed. If, on the other hand, his possession was of such a character that he was bound by the judgment or order already made, that the writ should be properly executed against him. And he could claim no right to be heard in either case. Not on the former, because his right could not be interfered with in any manner, if the writ issued. Not in the latter, because they would then have been already determined by an order binding upon him, and upon which he ought not to be heard further. This application might therefore be disposed of upon this ground, without any further expression of opinion upon the question whether the claim of title set up by Ward is such an one as leaves him subject to be divested of possession by this writ of assistance, or not. It was urged upon us that we ought not to give any opinion upon that point, and that it would be going outside of the matter before us to do so. I am unable to admit the justness of this position. If we fail to indicate our opinion upon that question, it would leave the officer in whose hands the writ might be placed, if issued, to take the responsibility of determining it at his peril.

He might ask the direction of the circuit court as to the manner in which he should execute it. But that court has

already undertaken to decide upon the entire merits of Ward's claim, and has held it invalid, and would undoubtedly advise the officer that he should execute it against Ward. It appears from the papers before us, that forcible collisions have taken place, and violence been used in the struggles for possession. The matter in controversy is of so great value as to stimulate to the utmost the passions of the contending parties. It is evident from the language used here, that unless this court indicates its opinion upon that point, it will be assumed upon the one side that Ward is liable to be ousted by the writ, upon the other that he is not, and that it will be tested by a resort to force. The importance derived from the violence of the struggle between the parties interested, is certainly not diminished by the fact that it also involves a conflict between the federal and state courts. I think, therefore, it is the imperative duty of this court to express its opinion on this subject, for the guidance of the officers who may be called on to act, and leave them to make a responsibility which justly belongs to the court, and not to them.

I must therefore say, that in my opinion, the claim set up by Ward is of such a character as would leave him not liable to be ousted by the writ of assistance. He claims as receiver under two appointments by the district court, one of which was a suit commenced before this suit, in the state court, and both in suits commenced in the prosecution of rights acquired against the corporation, before the commencement of that suit. If that court had jurisdiction of those suits, and power to appoint him such receiver, then he comes exactly within the rule already quoted from 4th Paige, and stands in the position of a " third person claiming title to the premises," and who " has received possession of the same by legal and adverse proceedings against a party to the suit, under a claim of right which occurred previous" to the commencement of the suit in the state court. If that had no

jurisdiction, of course his entire title fails; and whenever that shall have been determined, in a proper proceeding for that purpose, it will be the duty of the state, through all its departments, to assert and protect the rights of the receiver appointed by its own tribunal, to the exclusive possession of the property, by whatever means may be necessary for that purpose. That there is some proper form of action or proceeding by which Ward's right to possession may be determined, I have no doubt. I only hold that this is not the proper mode, and that therefore we ought not to hear his counsel discuss rights which are not involved, and cannot be determined in the proceeding.

COLE, J.  This is an application to this court for a stay of proceedings, under an order made by the circuit court of Milwaukee county, granting a writ of assistance in the above action.

It appears that the appellants, having obtained a judgment against the railroad company and others, in the circuit court of Milwaukee county, and being unable to find property subject to sale, on execution, out of which to satisfy the same, instituted proceedings in the said circuit court, on the 29th day of May last, under chapter 148, R. S., 1858, to sequestrate the property and effects of the corporation, and for the appointment of a receiver of such corporate property, according to the provisions of that statute. An order of sequestration was properly made in the cause, on the 19th day of July, and E. B. Wolcott was duly appointed, on that day, receiver, by such circuit court, to take possession of the railroad, and all the corporate property and franchises of the corporation. He qualified, but without taking possession of any of said property, resigned, on the 23d of July, and was discharged from any further duties in the premises. There-

Vol. XI.                        30

upon, the circuit judge proceeded to appoint J. C. Fairchild as receiver, in his stead, with all the power conferred upon the receiver first appointed. The latter receiver also duly qualified, and made demand for the possession of the railroad, and of the corporate property of Lindsay Ward, then in possession.

Ward had gone into possession of the railroad and corporate property as receiver, under two orders; one made by the district court of the United States for the state of Wisconsin, on the 3d of July, in a suit commenced in that court, in December, 1859, by a judgment creditor of the railroad company, (which was a suit by creditor's bill,) and then undetermined; and the other an order made by the judge of said said court, on the 19th day of July, in a mortgage foreclosure suit, commenced in the district court on the 13th day of that month, against the railroad company, and a large number of subsequent incumbrances and creditors. The receiver, Fairchild, upon affidavits and notice of motion, moved the circuit court, on the 19th day of September, for a writ of assistance to put him in possession of the property and railroad mentioned in the order of sequestration. The writ of assistance was granted by the circuit court, against the protest of the appellants, who opposed the same, and against the opposition of Ward, who was heard by his counsel upon this application of the receiver, Fairchild. And the appellants having taken their appeal from the order granting the writ of assistance, obtained an order from the chief justice, requiring the receiver, Fairchild, or the defendant in the action, to appear and show cause why proceedings, under the order and writ, should not be stayed during the proceedings of the appeal. In answer to the rules to show cause, a great number of records, documents and affidavits have been read, and counsel have appeared to argue in favor of such stay, who represent the defendants and Ward, as well as those who are opposed

to such stay, and represent the receiver, Fairchild, and the railroad company.

And as preliminary questions at the outset of the discussion, and as furnishing a good and sufficient answer to the rule to show cause why a stay of proceedings should not be granted, the counsel for the receiver, Fairchild, contends that the order granting the writ of assistance is not an appealable order, and if it is, the power to stay the proceedings is, by chapter 18, section 264, laws of 1860, vested in the judge of the circuit court of Milwaukee county, and not in this court. I confess that his reasoning upon these points struck my mind with great force, if not entirely satisfactory and conclusive, raised such doubts as to the appealability of the order granting the writ of assistance, that I am unwilling to stay the proceedings under that writ in the circuit court. For I could not consent to interfere and arrest the proceedings under this writ, except in a case where the jurisdiction of this court was clear, and our power and duty to arrest them placed beyond reasonable doubt. Unquestionably, the circuit court had jurisdiction of the case pending before it, and could grant the writ of assistance. That court had appointed a receiver, under the sequestration act, to take possession of the railroad and corporate property and franchises, and as the order appointing such receiver is not appealed from, I must assume that the order was proper, and the appointment wise and judicious. But such receiver is unable to get possession of the property and railroad, which he is directed to take into his possession.

He applies to the court for the proper writ to put him in possession, and the writ is granted. The parties opposed to his taking possession, appeal. They come to the court and ask a stay of proceedings. Ought they not, in this attitude of the case, to clearly and successfully establish the proposition that the order granting the writ of assistance is an ap-

Gelpcke et al. vs. Mil. and Horicon Railroad Co.

pealable order under our statute, and that this court has jurisdiction ?

Manifestly it would be improper for this court to interfere and arrest proceedings in a court of competent jurisdiction, in a case where the jurisdiction of this court was doubtful. This proposition is too obvious to require argument. Now, if the order granting the writ of assistance is not an appealable order, under our statute, we have no jurisdiction, and no right to interfere, however strong might be the reasons for our doing so, providing we had jurisdiction.

I do not now intend to examine the question as to whether that order is appealable or not. The appeal is still pending here undisposed of, and therefore a discussion of that matter will be more proper on the hearing of the appeal itself. My present impression is that the order is not appealable. And although the question as to the appealability of the order granting the writ of assistance was quite fully discussed by the counsel for the appellants, and the counsel for Ward, as well as by the counsel for the receiver Fairchild, still it occurs to me that a statement of my reasons for the opinion I now entertain, and an examination of the statute bearing upon the question would be more proper when the appeal comes on for a hearing. It is sufficient to say now, that I think the order is not appealable, and consequently that this court has no jurisdiction, and this affords a satisfactory and conclusive reason why I would not stay proceedings in the circuit court under the writ of assistance.

The counsel for the receiver Fairchild entered into an elaborate argument to show what were the legal consequences resulting from the order of sequestration made by the circuit court, and also to show that the district court had no jurisdiction of the two cases in which the orders appointing the receiver Ward were made, and that Ward was in possession of the railroad, and its property, as a mere trespasser, but it

follows from the views I have taken of the juridiction of this court over the appeal, that those questions thus discussed by him are not before us, and I therefore express no opinion upon them.

The counsel for Ward wished some intimation should be given as to the view we entertain in respect to the possession of Ward, and whether the writ of assistance could be executed against him without first making him a party to the suit and then adjudicating upon the nature of his possession, but having held that we have no jurisdiction of this cause, I deem it improper for me to say anything upon those points. For if it is proper for me to express my views upon those questions, I do not know why I might not with the same propriety express my views upon all other questions discussed upon the argument. The nature and extent of Ward's possession are not before me. The rights of no other party are before me, unless I hold that the order is appealable, a proposition I have all along denied.

How then can I entertain jurisdiction of the case far enough to say what Ward's rights are or whether the circuit court did or did not properly issue a writ of assistance against him? My brethren have expressed their views quite fully upon those points without first disposing of the question of jurisdiction; I thought it would be quite inconsistent for me to do so, and afterwards hold that that order was not appealable.

I therefore think the rule to show cause why a stay of proceedings should not be granted must be discharged.