# Thompson v. Campbell.

*Bill in Equity to foreclose Mortgage.*

1. *Appeal; who may prosecute.*—Where, at a sale of mortgaged property, under a decree of foreclosure, a writ of possession or assistance issues at the instance of the purchaser, a stranger in possession may prosecute an appeal from the order against the purchaser.

2. Mrs. S. executed a mortgage on lands; C., the mortgagee, filed his bill against her for a foreclosure, which was decreed, and at the sale, he became the purchaser, &c. Mrs. T. then filed a petition, alleging that she, and not the mortgagor, was the owner, and in possession of the land, &c., and praying that no order touching the possession be made until she could be heard. On reference, ordered by the chancellor, it appeared that many years before the land belonged to the husband of Mrs. S., who died, leaving her and B. S., a son, surviving him, both of whom had since occupied the land. Whether he left other heirs is not shown, or in whom the legal title resided, or the respective interest of mother and son, did not clearly appear, &c. C. was induced by B. S. to part with the money secured by the mortgage, on the representation to C. that Mrs. S., his mother, was the owner. After bill was filed, but before decree, B. S. sold, and conveyed by warranty deed, to Mrs. T., who knew of the mortgage to C., taking the mortgage of Mrs. T. and her husband to secure the payment of the purchase money, and Mrs. T. went into possession.

*Held :* 1. Although the conduct of B. S., in negotiating the mortgage to C., upon representation to C. that the lands belonged to Mrs. S., might estop

[Thompson v. Campbell.]

him from asserting title, and as Mrs. T. purchased from him with knowledge of the mortgage, and agreeing to pay the mortgage debt, the land in their hands might be bound for its payment; yet such estoppel was only an estoppel *en pais*, and could not divest or confer the legal title to the lands.

2. These questions could not be raised and decided on motion for a writ of possession.

3. A writ of possession will not issue, at the instance of a purchaser, against one not a party to the suit, unless the court can clearly and unhesitatingly determine that the possession is subsequent to the commencement of the suit, and subject to the decree or order that has been made, or that the party holding has no legal right.

APPEAL from Chancery Court of Mobile.

Heard before Hon. ADAM C. FELDER.

The appellee, Campbell, filed his bill to foreclose a mortgage on a certain house and lot, made to him by Mrs. Ann A. Smoot. Mrs. Smoot having failed to answer, a *decree pro confesso* was taken against her, and, on final hearing, the chancellor decreed a foreclosure of the mortgage and a sale of the property. Campbell became the purchaser at the foreclosure sale, and then moved the Chancery Court for a writ of possession. Thereupon, Mrs. E. Louise Thompson filed her petition, alleging that she, and not the mortgagor, was the owner and in possession of the property, and praying that no order concerning the possession be made until she could be heard. The material allegations of the petition being denied by Campbell, the chancellor ordered a reference to ascertain the facts in regard to her claim of title. The register, thereupon, reported the following facts: That the land in controversy, and other lands, had been patented to Benjamin S. Smoot, the father of Benjamin H. Smoot, and the husband of Mrs. Ann A. Smoot, in the year 1841, and that there was no record of any conveyance by him of the lands in controversy to any person. The evidence showed that Mrs. Smoot had resided on the place for forty years, but it no where shows any title in her; that Benjamin H. Smoot went into possession of the premises at the time of his marriage (the date of which is not shown), under a parol gift from his mother; that there had been a verbal division of the property among the heirs, and that this had been assigned to him (who the other heirs were, or whether there were any, is not shown); that his mother, Mrs. Ann A. Smoot, resided with him on the place at the time the mortgage to Campbell was made. It further appeared that he, Benjamin H., negotiated the loan and mortgage to Campbell, and received the money; that he had the mortgage prepared and delivered to Campbell; he and his mother were residing on

[Thompson v. Campbell.]

the place at the filing of the bill to foreclose the Campbell mortgage, in July, 1870; that on the third day of August, 1870, a deed was executed by Ann A. Smoot, Benjamin H. Smoot, and his wife, to E. Louise Thompson, and that the possession of the premises was soon after delivered to her, or her husband. It appeared that the sale to Mrs. Thompson was negotiated by Waller Thompson, her husband, and Benjamin H.; he, Thompson, asserting that he was buying it for his wife. Thompson, at the time of the purchase, knew of the mortgage to Campbell, and on his promise to pay it, the amount was deducted from the purchase money; that he then made a cash payment, and gave a mortgage by himself and wife on the property, to secure the unpaid balance, after deducting the mortgage debt to Campbell. Thompson afterwards paid the amount secured by mortgage, but had failed and refused to pay the mortgage debt due Campbell. It also appeared that said Waller Thompson was a subscribing witness to the mortgage by Mrs. Smoot to Campbell, and her attorney in the foreclosure suit. Under these facts the chancellor ordered the writ of possession, prayed for by Campbell, to issue; and his granting it is now assigned as error.

Motion to dismiss the appeal was made by Campbell in this court, on the ground that the appeal was improperly sued out, and decided at a former term.

J. LITTLE SMITH, for appellant.—The decree under which Campbell purchased was not binding on Mrs. Thompson. She not being a party to it, and appearing only to contest the right of possession, her right of property cannot be disposed of without the opportunity being offered her to defend them. The order for a writ of possession is made to operate a strict foreclosure as against Mrs. Thompson, while the decree and sale had been made in a cause to which she was not a party.

GEORGE N. STEWART, contra.—Mrs. Thompson's purchase was made pendente lite and with full knowledge of the complainant's rights. The deed to her was executed on the third day of August, 1870, while the bill in this case was filed and service perfected in July of that year. All the rights she acquired are, therefore, subject to the rights of complainant as determined by the decree.

STONE, J.—At the June term, 1875, a motion was made to dismiss the appeal in this case. It was then held that

"when, at the instance of the purchaser at a sale of mortgaged property, under a decree of foreclosure, a writ of possession has issued against a stranger in possession, he may appeal from such order; but the appeal must be prosecuted against the purchaser alone." In this case, Colin J. Campbell was the purchaser at the mortgage sale, and he was the mover for the writ of possession. Before the motion was made for such writ, Mrs. Thompson, the appellant, had filed her petition in said cause, and therein averred that she, and those whose title she had, had owned and been in possession of said premises from a time anterior to the making of the mortgage. Under this petition she was allowed by the Chancery Court to come in and contest Campbell's right to be put in possession. Under these circumstances there can be no question that she has the right to appeal to this court, making Campbell the appellee; but on such appeal only the order for the writ of possession can be assigned as error.—*Creighton v. Paine,* 2 Ala. 158; *Creighton v. Pl. & Mer. Bank,* 3 Ala. 156; *Trammel v. Simmons,* 8 Ala. 271.

The sole question then is, should the order for the writ of possession have been granted?

The bill in the foreclosure suit has only two parties: Campbell, the mortgagee, as complainant, and Mrs. Ann A. Smoot, mortgagor, as defendant. The mortgage under which he claims, conveys the entire, not a partial interest in the premises mortgaged; the proceedings seek a sale of the entire estate, and under the decree the entire estate was sold and conveyed. The order granted was to put Campbell in possession of the premises as an entirety.

Under the petition of Mrs. Thompson, and before granting the order for a writ of possession, the chancellor ordered a reference to the register, to ascertain and report the facts, which was done. Among the facts ascertained by the register are the following: That Benjamin Smoot, the elder, died many years ago, intestate, seized of the lands in controversy; that Ann A. Smoot was his widow, and Benjamin Smoot, the younger, his son, and an heir of his estate; but whether there were other heirs, and how many, was not shown; that many years before the mortgage, Ann A. Smoot, the widow, occupied the land as a residence, having built a house thereon; that about fifteen years before the mortgage, Benjamin Smoot, the younger, was married, and some oral division of the lands was then made, and the land in controversy was assigned to him, Benjamin, junior, and his mother participated in the division, but no writings were executed;

that Benjamin, junior, thereupon took possession, made improvements, paid taxes, and occupied the premises until after Campbell commenced his foreclosure suit, and Ann A. Smoot, his mother, lived with him, and was supported by him; that Benjamin Smoot, junior, himself negotiated with Campbell, borrowed and received the money from him, and to secure its repayment, procured the note and mortgage to be executed by his mother, which were the debt and foundation of the foreclosure suit; that shortly after the foreclosure suit was commenced, and the summons served, the said Benjamin, junior, contracted with Waller Thompson, husband of E. Louise Thompson, and who knew of the mortgage, to sell the land for two thousand dollars, received part of the purchase money, took the promise of said Waller to pay said mortgage debt to Campbell, but whether oral, or in writing, is not shown; that title-deed with warranty was thereupon executed by Ann A. Smoot, Benjamin Smoot, junior, and his wife, conveying said lands; the deed, at the request of said Waller Thompson, being made to E. Louise, his wife; and a note and mortgage made by said Waller and E. Louise Thompson to said Benjamin, junior, to secure the purchase-money promised, that was in excess of the cash paid and the debt assumed to Campbell; that on the making of said purchase, which was before the decree of sale, Thompson and wife went into possession of the premises, and are yet in possession, and the circumstances tend to show that the debt, surplus of purchase-money, secured by mortgage to Benjamin Smoot, junior, has been paid.

Under these ascertained facts, it is not certainly shown where the legal title to the lot in controversy rests. Presumptively, it is in the heirs of Benjamin Smoot, senior, unless their right of entry has been tolled by adverse holding for a sufficient length of time to bar a recovery. Benjamin Smoot, junior, is one of the heirs, and, according to the facts shown, was the owner of at least a part interest in the lot. The death of his father cast the title on his heirs, and Benjamin, junior, was one of them. When he executed the deed to Mrs. Thompson, he thereby conveyed to her whatever of legal title was in him. If by adverse holding or otherwise he acquired an interest in the land larger than that which descended to him as heir, that interest, whatever it was, passed to Mrs. Thompson by his deed. To this extent Mrs. Thompson was in possession, holding under Benjamin Smoot, junior, who was not a party to the foreclosure suit.

We can not learn whether Mrs. Ann A. Smoot had any, and

[Thompson v. Campbell.]

if any, what title to said premises. If they were the last resi-
dence of her husband, she had the right to occupy, free of
rent, until dower was assigned her.—Revised Code, § 1630.
So, the title of her husband being a fee, she had an unas-
signed right of dower in the lands. Neither of these rights,
however, was a legal title, or could be conveyed by mortgage.
*Weaver v. Crenshaw,* 6 Ala. 873; *Doe ex dem. v. Hardy,*
18 Ala. 810; *Wallace v. Hall,* 19 Ala. 367; *Saltmarsh v.
Smith,* 32 Ala. 404. And if Mrs. Ann A. Smoot was simply
in possession under section 1630 of the Revised Code, such
holding, without more, was not adverse to the heirs, and
could not ripen into a title.

It may be contended that inasmuch as Benjamin Smoot,
junior, obtained Campbell's money on the representation and
faith that the title to the lot in controversy was in his mother,
that he thereby estopped himself from disputing that fact;
and that as Thompson and wife obtained their title from him
with a knowledge of that fact, and on an agreement to pay
Campbell the money secured to him by the mortgage, this
binds the lot in their hands for the payment of the mortgage
debt. Such is probably the case if the facts be correctly
ascertained. But, such conduct is only an estoppel *en pais,*
which can not divest or confer a legal title to lands.—*Mc-
Pherson v. Waters,* 16 Ala. 714; *Walker v. Murphy,* 34 Ala.
591; *Pollard v. Maddox,* 28 Ala. 321; *Gimond v. Davis,*
36 Ala. 589; *David v. Shepherd,* 40 Ala. 587; *Duncan v.
Stewart,* 25 Ala. 408; *Traun v. Keiffer,* 31 Ala. 136; see, also,
*Buford v. McCormick,* at the present term.

But can these questions be raised and considered on a
motion for a suit of possession? The general rule is that
only parties to the suit, persons who came in under them
*pendente lite,* and trespassers or intruders without title, can
be evicted by a writ of possession. In *Creighton v. Paine,*
2 Ala. 158, this court said: "It appears to be very clearly
settled that a court of chancery has the power after a decree
of foreclosure and sale of the mortgaged premises, to put the
purchaser in possession, if the possession is withheld by the
defendant, or any person who has come into possession under
him *pendente lite.*" The court further said: "If, on exam-
ination, the chancellor is satisfied that the possession is
withheld by some one who is concluded by the degree—that
is, by the defendant himself, or some one who has come in
under him *pendente lite*—he will make a decretal order that
the possession be delivered to the purchaser," &c.

In *Kershaw v. Thompson,* 4 Johns. Ch. 609, Chancellor

[Thompson v. Campbell.]

KENT declared the rule substantially as it is stated above. Commenting on a case in 2 Eq. Ca. 244, reported as anonymous, in which an heir had resisted successfully a compliance with such order, Chancellor KENT, after referring to the imperfect manner in which the case was reported, said : "It does not appear that the heir was a party to the suit and decree, and the contrary is to be presumed, since he afterwards set up a title, and that was the real objection to the proceeding." He had previously said, in the same case : " Lord Chancellor Nottingham would not discuss the title,. and agreed to leave the plaintiff to such title as he had, without amending it, and the heir was discharged from the contempt." We have preferred to take Chancellor KENT'S construction of this very meagre report, rather than hazard our own. It will be seen that in this case, Lord Nottingham refused to execute his own order for possession, when he discovered that one, not a party to the decree, was in possession, claiming title.

In the case of *Frelinghuysen v. Colden*, 4 Paige, 204, Chancellor WALWORTH, after stating the rule substantially as laid down in *Creighton v. Paine, supra*, added : " But this court has no jurisdiction, in a summary proceeding, to determine the rights of third persons who have recovered the possession of the same by legal and adverse proceedings. against a party to the suit, under a claim of right which accrued previous to the filing of the bill of foreclosure."

In *VanHook v. Throckmorton*, 8 Paige, 32, it is said : " A purchaser under a decree of foreclosure is not entitled to a writ of assistance to turn a person out of possession of the mortgaged premises, although such person went into possession *pendente lite*, unless he went into possession under, or by the permission of some one of the parties to the suit." The same doctrine is reasserted in *Boynton v. Jackson*, 10 Paige, 307 ; see, also, *Ludlow v. Lansing*, 1 Hopk. 231 ; and to the same effect, *McChord v. McClintock*, 5 Litt. 304. In this latter case, the order was vacated after being executed,. and a writ of restitution awarded.

In *Gelpcke v. Mil. & Horican R. R.* 11 Wis. 454, the court said : " The right of a party can not be concluded or determined by an order or judgment of a court, made in a cause in which such party has not a strict right to appear and defend' such rights without leave of the court. A writ of assistance will be granted against a party to a judgment, but not against a person not a party to the record, who is claiming possession adversely and independently of the parties to the

[Thompson v. Campbell.]

record, and who can not appear and defend his rights before the court, of strict right." Speaking of the attempt made in that case to have the respective rights of the parties tried on the motion for a writ of assistance, the court said: "His .attempt to adjudicate upon and settle the right of.Mr. Ward upon a *mere motion*, supported by affidavits, was unauthorized. Such was not the proper mode of proceeding by which to determine rights. It is only adapted to those cases where the court can say clearly and unhesitatingly, that the posses-.sion is subsequent to the commencement of the action, and subject to the decree or order which has been made, or that the person holding the same has no legal right." On the ·question of contest and dispute in that case, the court further said: "The very fact that it would admit of such doubt or .argument, was sufficient to exclude it from the consideration of the court on such a motion."

This last case is a very strong one, and is ably argued in three several opinions of the judges delivered *seriatim*.

It may be that the complainant·in this suit is armed with a very strong equity. The petitioner, Mrs. Thompson, was in possession under a claim of title which, in part at least, existed in her vendor long before the mortgage under which Campbell claims was executed. Neither she nor her vendor is a party to the foreclosure suit. Hence, they are not con-·cluded by the decree of foreclosure. The investigation and decision of the questions necessarily involved in any attempt to make the property in the hands of Mrs. Thompson, or her vendor, Benjamin Smoot, junior, liable to the mortgage debt to Campbell, are such as can not be had on a motion for a writ of possession. It may not be out of place to add that ˙in suits to foreclose mortgages, as a general rule, all the interests, legal and equitable, which can be effected by the result, ought to be brought before the court.—*Duvall v. Mc-Loskey*, 1 Ala. 708 ; *Erwin v. Ferguson*, 5 Ala. 158 ; *Glidden v. Andrews*, 10 Ala. 166 ; *Huggins v. Hall, id.* 283 ; *Hall v. Huggins*, 19 Ala. 200 ; *Eslava v. Lepretre*, 21 Ala. 504 ; *Hunt v. Acre*, 28 Ala. 580.

It is to be regretted that this record is in a condition that renders it impossible to mete out what its seeming justice demands. We are unable to do so, without declaring a rule, which will work great inconvenience, if not injustice, in its administration.

The order of the chancellor of June 29, 1874, is reversed, and a decree here rendered, setting aside and vacating the same, so far as it "ordered that the possession (of the mort-

[Rice v. Clements et al. Executors.]

gaged premises) be delivered to the said Colin J. Campbell."

It results from what we have said that Mr. Campbell must have recourse to other proceedings before he can obtain possession of the mortgaged premises, or force the payment of his demand from the proceeds thereof.