# Wiley *v.* Carlisle.

*Petition to set aside Writ of Assistance.*

1. *Writ of assistance to purchaser at sale under decree; against whom
enforced.*—A writ of assistance in a chancery cause, to put the pur-
chaser in possession of land sold under the decree, will be enforced
against any party to the cause, or any other person who has come
into possession *pendente lite;* but not against a third person who was
in possession under claim of paramount title at the commencement
of the suit, and who was not made a party; and if enforced against
him, the writ will be set aside at his instance, in order that his rights
may be asserted in a proper proceeding.

APPEAL from the Chancery Court of Marshall.
Heard before the Hon. S. K. MCSPADDEN.

BROWN, HOLLIDAY & STREET, for appellant, cited *Hooper v.
Yonge,* 69 Ala. 484; *Johnson v. Smith,* 70 Ala. 108; *Wilkin-
son v. May,* 69 Ala. 33; *Thompson v. Campbell,* 57 Ala. 185;
*Chapman v. Gibbs,* 51 Ala. 502; *Creighton v. Paine,* 2 Ala.
158; *Trammell v. Simmons,* 8 Ala. 271; *Smith v. Gayle,*
58 Ala. 600; *Howard v. Kennedy,* 4 Ala. 592; 1 McCarter,
N. J. 37; 4 Paige, 204; 11 Wisc. 454; Dan. Ch. Pr. 1062,
notes.

COLEMAN, J.—In January, 1886, the Tennessee & Coosa
Railroad Company filed its bill against Jefferson Hewitt, to
enforce a vendor's lien upon eighty acres of land. The court
declared the land subject to the vendor's lien, and decreed a
foreclosure and sale. Hugh Carlisle, the defendant to the
present proceedings, became the purchaser. In August, 1889,
upon the application of the purchaser, Hugh Carlisle, in pur-
suance of authority granted in the foreclosure suit, the regis-
ter issued a writ of assistance directed to the sheriff, to put
the purchaser in possession. Under this writ, Wiley, the peti-
tioner, was dispossessed of the land, and Hugh Carlisle put in

[Wiley v. Carlisle.]

possession by the sheriff. Thereupon, Wiley made application by sworn petition to the Chancery Court, for an order to set aside the writ of assistance, and for an order of restitution, praying that he be restored to the possession of the land. Carlisle was duly notified of the petition, and of. the time and place when it would be heard. No defense, so far as appears in the record, by answer. plea, demurrer, or affidavit, was made to the petition. The chancellor heard the petition in vacation, and denied the relief prayed for in the petition.

It is well settled, that a court of chancery has the power, after decree of foreclosure by sale, to put the purchaser in possession if withheld by the defendant, or by any person who has come into possession *pendente lite* under him, or any person who holds possession as a mere intruder or trespasser, having no legal title to the property. This much is necessary to put an end to litigation.—*Thompson v. Campbell*, 57 Ala. 183; *Creighton v. Paine*, 2 Ala. 158; 70 Ala. 108. Whenever an application for the writ of assistance shows on its face that a party is in possession of the land, the better practice is to require notice to be given to such person of the application. *Creighton v. Paine*, 2 Ala. 158. No notice was given in this case. In doubtful cases, the writ should be refused, and the parties left to litigate their contested rights in the proper court.—*Hooper v. Yonge*, 69 Ala. 484.

The petition avers that petitioner purchased the land, for a valuable consideration, in December, 1883, from Hewitt; that immediately after his purchase he went into actual possession of the land, and remained in open, notorious possession until dispossessed by the sheriff; that the foreclosure suit was begun in 1886, and petitioner was not a party to the foreclosure proceedings, and had no knowledge that the lands were involved in that suit; and that Hewitt, the defendant, was not in possession at the time the bill was filed, or pending the suit, and that Hewitt had no interest in the land. The petition was sworn to. If the facts of the petition are true, the petitioner was not a purchaser *pendente lite*, neither was he an intruder or trespasser. If the petitioner had been made a party defendant to the foreclosure suit, it might have been necessary for his protection for him to answer or plead, and show that his vendor had a legal title at the time of his purchase, and that he purchased without notice of the vendor's lien, and had paid the purchase-money; but these questions can not be raised or determined in the summary proceeding by petition for a writ of assistance. The facts averred in the petition of complainant not being objected to or denied, though not as full as they might have been, presented a case where

the purchaser, Carlisle, was not entitled to the writ of assistance.

The chancellor erred in the order made, and a decree will be here rendered, setting aside the writ of assistance issued by the register, and an order made directing the register to issue a writ of restitution, restoring the petitioner to his possession. By proper proceedings then had, the respective rights of contestants to the land may be adjudicated.

Reversed and remanded.