[Cooper, et al. v. Cloud.]

# Cooper, *et al. v.* Cloud.

### *Petition to Quash Writ of Assistance.*

(Decided June 30, 1915.  Rehearing denied November 18, 1915.
69 South. 928.)

1. *Assistance; Writ of; Issuance; Power of Court.*—Under section 3217, Code 1907, the chancery courts have power to enforce their decrees by writs of assistance placing litigants entitled thereto in possession as against parties to the suit, or those who came into possession pendente lite, or against mere intruders or trespassers.

2. *Equity; Jurisdiction; Relief.*—Where the suit involves title to land, equity has jurisdiction to give complete relief by removing any impediment, such as clouds on title.

3. *Assistance; Writs of; Discretion.*—The issuance of a writ of assistance is largely discretionary, and will not be granted except in clear cases.

4. *Same.*—A writ of assistance will not be issued against strangers to the suit or judgment, unless they are trespassers or intruders, or acquired possession pendente lite; it cannot be substituted for an action in ejectment.

5. *Same; Notice.*—While it is the better practice to give notice before issuing a writ of assistance, yet, the giving of notice is not a condition precedent.

6. *Same; Right to Issue.*—Where appellants entered as tenants of one holding a life estate, and only some of the remaindermen ratified their tenancy in common, their estate terminated on the death of the life tenant, and, as those remaindermen who did not ratify the lease were entitled to demand partition of the premises, the purchaser at the sale for partition was entitled to a writ of assistance, although appellants were not parties to the partition suit.

APPEAL from Madison Law and Equity Court.

Heard before Hon. JAMES H. BALLENTINE.

James Clark and another filed their bill for partition of certain lands, and under a sale for partition, Chassie A. Cloud became the purchaser.  A writ of assistance was issued to Cloud as against A. J. Cooper and others, and they filed their petition seeking to have the writ of assistance quashed, and praying for a writ of restitution.  Both petitions were denied and they appeal.  Affirmed.

BETTS & BETTS, for appellent.

S. S. PLEASANTS, and R. E. SMITH, for appellee.

MAYFIELD, J.—Thomas W. Clark died seised of a plantation in Madison county. He left surviving him a widow and several children and grandchildren who were his heirs and distributees. His widow took a life estate in his lands, and his children and grandchildren took the remainder therein. Pending the life estate the widow entered into a lease contract with appellants, by which she leased the plantation, the subject-matter of this suit, to appellee for the term of five years beginning November 13, 1913. The rent was payable annually, each payment being secured by a promissory note for $275.99, due on November 1st, the series of five notes maturing, the first, on November 13, 1914, and the rest successively. The appellants placed about $400 worth of improvements on the place.

The life tenant died during the year 1914, thus terminating the life estate. Some of the heirs, as claimed by the appellants, either joined in this lease or ratified it thereafter. A part of the heirs or remaindermen, however, did not join in the lease with the life tenant, and never ratified it, and these, of course, were not bound by the contract.

On the 14th day of July, 1914, two of the heirs and remaindermen, Jim Clark and Alice Dalton, filed in the chancery court their bill against the other heirs and remaindermen to sell the lands in question for partition or distribution among the tenants in common. A decree was thereafter rendered, ordering the lands sold for the purpose of distribution. The lands were sold, in pursuance of such decree, on the 26th day of December, 1914, and were purchased by the appellee. The ap-

pellants were present at this sale for distribution, and were bidders, but not purchasers.

It is contended by appellee that one Smith, who made the sale, publicly announced, as a part of the terms of the sale, that the purchaser would be entitled to the rent of the land for the year 1914, and would get the possession on the 1st day of January, 1915. Appel lants therefore declined to surrender possession to the purchaser, and he applied to the register of the chan cery court for a writ of assistance to place him in pos session of the lands purchased by him at the sale. The register, without notice to the appellants, issued the writ, and it was placed in the hands of the sheriff, who executed it by placing appellee in possession. Appellants then filed in the chancery court their petition, seeking to have the writ of assistance quashed and held for naught, and praying a writ of restitution restoring to them the possession of the lands. The chancellor, on the hearing of this motion, denied the relief sought, and dismissed the application; and from this order or decree, appellants prosecute this appeal.

(1) It is well settled that courts of chancery have the power to enforce their decrees by writs of assistance, by placing the litigants entitled thereto in possession, against parties to the suit or against those who came into possession pendente lite, or against mere intruders or trespassers.—*Wiley v. Carlisle,* 93 Ala. 238, 9 South. 288; *Thompson v. Campbell,* 57 Ala. 183; 2 Mayf. 237. See Code, § 3217, and *Creighton v. Paine,* 2 Ala. 158.

(2) Equity has jurisdiction to give complete relief by removing any impediments thereto, such as clouds on title.—*Johnston v. Smith,* 70 Ala. 108.

(3) The writ of assistance is largely discretionary with the court, and will not be granted, except in clear cases.—*Thompson v. Campbell,* 57 Ala. 183; *Hooper v.*

*Yonge,* 69 Ala. 484. Chancery has power at common law and under the statute to issue writs of assistance or possession to enforce its orders and decrees, and may compel delivery of property either personalty or realty. —*Hooper v. Yonge, supra; Trammel v. Simmons,* 8 Ala. 271; *Thompson v. Campbell,* 57 Ala. 183. The purpose of the statutes as to writs of assistance in equity and executions in the circuit court was to assimilate, as far as practicable, the practice in chancery courts to that in the circuit courts, so as to allow the same writs in each court.—*Allen v. Allen,* 80 Ala. 154; 2 Mayf. Dig. 237.

(4-6) It is very true, as contended by appellants, that the writ of possession cannot be issued against strangers to the judgment, unless they be mere trespassers, or intruders, or such as acquired possession pendente lite; nor can it be substituted for an action of ejectment, or of forcible entry and detainer. It is also well settled that the writ may issue without notice to the party ousted thereby; but it is equally well established that it is the better practice to give notice before the writ issues. This court, in the case of *Thompson v. Campbell, supra,* quoted from a Wisconsin case approvingly, as follows: "In *Gelpeke v. Milwaukee & H. R. R.,* 11 Wis. 454, the court said: 'The right of a party cannot be concluded or determined by an order or judgment of a court made in a cause in which such party has not a strict right to appear and defend such rights without leave of the court. A writ of assistance will be granted against a party to a judgment, but not against a person not a party to the record, who is claiming possession adversely and independently of the parties to the record, and who cannot appear and defend his rights before the court, of strict right.' Speaking of the attempt made in that case to have the respective rights of the parties tried on

[Cooper, et al. v. Cloud.]

the motion for a writ of assistance, the court said: 'His attempt to adjudicate upon and settle the right of Mr. Ward upon a mere motion, supported by affidavits, was unauthorized. Such was not the proper mode of proceeding by which to determine rights. It is only adapted to those cases where the court can say clearly and unhesitatingly that the possession is subsequent to the commencement of the action, and subject to the decree or order which has been made, or that the person holding the same has no legal right.' On the question of contest and dispute in that case, the court further said: 'The very fact that it would admit of such doubt or argument was sufficient to exclude it from the consideration of the court on such a motion.' "

There is no question that some of the above rules appear to have been violated in this case, and for that reason it would seem, at first sight, that the writ ought not to have been issued here; but, after a careful consideration of this record, we have reached the conclusion that appellants have "no legal right" to hold the possession of these lands against appellee. If appellants' claim rests alone upon their written lease from the life tenant, it conclusively appears that the life tenant is dead, and that the life estate, together with the appellants' right to the possession, is terminated in favor of appellee. If appellants rely upon their right to possession by virtue of a lease from the remaindermen, then it conclusively appears that they have and claim no right from all the remaindermen, but from only a part thereof. If it be conceded that they acquired a right to the possession from a part of the remaindermen, then it necessarily follows that they must have acquired this right subject to the prior and paramount right of the other remaindermen to have the lands held in common partitioned or sold for distribution among all the tenants in common,

and that this prior and paramount right has been exercised and enforced by such other tenants in common, thus terminating appellants' qualified right to the possession.

The right of one tenant in common—and, of course, the right of his tenant or agent, and all persons claiming through him alone, by lease, or curtesy, etc.—is subordinate to the prior and paramount right of his tenants in common to partition, or to sell for distribution, their common property; and if the common property is so sold for such purpose, the purchaser thereof takes the property freed from the claims of any of the several tenants in common, which claims are subservient to the prior, paramount, and common right to sell for distribution. See *McLeod v. McLeod,* 169 Ala. 654, 53 South. 834, and *Holley v. Glover,* 36 S. C. 404, 15 S. E. 605, 16 L. R. A. 776, 31 Am. St. Rep. 883, where this prior, paramount, and common right of sale, and its effect upon subservient rights and titles as to the common property, is discussed.

If appellants claimed title and right to possession from all the remaindermen and tenants in common, and their rights or possession had attached before the filing of the bill for sale for distribution, they not having been parties to such proceedings, then they could not be ousted or dispossessed by a purchaser at such sale as was had in this case. But appellants show no such claim or right. At most and best, they claim to have acquired their rights from only a part of the tenants in common; and their landlords could not thus defeat the prior, paramount, and common right of the others to have the common property sold for distribution. And the purchaser at the sale for distribution, in a case like this, of course, acquires the right to possession as against any of the tenants in common who are then in possession,

[Prince, et al. v. Prince.]

and also, of course, against their tenants whose sole claim and right rests upon the right and title of a part only of the tenants in common. The possession of appellants was, of course, the possession of their landlords, and, as the landlords were parties to the proceeding to sell for distribution, and were bound thereby, the title and right of possession of the appellants were bound by it. Though they were not, and could not be, personally bound by it, yet their sole claim and right to the possession was bound by the decree.

For this reason, the decree of the chancellor dismissing appellants' petition to dissolve the writ of assistance and to issue the writ of restitution must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, and THOMAS, JJ., concur.