# Chapman *v*. Gibbs.

*Petition to Chancellor for Writ of Possession to Purchaser at Register's Sale.*

*Purchase of lands pending suit in chancery.* — When land is sold under a decree in chancery, subjecting it to the payment of the complainant's debt against the defendant, and is bought at the sale by the complainant, who receives the register's deed; and an ejectment suit is at the same time pending against the defendant by a third person, to recover the land; the chancellor will, on the petition of the purchaser, award a writ of assistance, to put him in possession, against a tenant who, pending the chancery suit, was intruded on the land by the plaintiff in ejectment.

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. CHARLES TURNER.

This is an appeal from a decretal order of the chancellor, awarding a writ of assistance to the appellee, Waight E. Gibbs, to put him in possession of certain lands, which he had bought at a sale made by the register in chancery, on the 26th May, 1873, under a decree rendered in a suit pending in said chancery court, wherein the said Gibbs was complainant, and R. M. Nelson, as the administrator of John D. Nance, and others, were defendants. The transcript contains only the petition for the writ, the answers of the defendants, the chancellor's decree awarding the writ, and his subsequent decree allowing an appeal from that order. The chancellor's decree recites, that the land was in the possession of the estate of Nance when the order of sale was made, and that the defendants to the petition had brought ejectment to recover it while the chancery suit was pending. The decretal order, awarding a writ of assistance, is the only matter assigned as error.

GEO. W. GAYLE, with S. F. RICE, for appellant.

PETTUS & DAWSON, *contra*.

B. F. SAFFOLD, J. — The appellee purchased a lot of land at a sale made by the register, under a decree of the chancery court, subjecting it to the payment of a debt due to him from the estate of Nance, in a suit by him against the administrator of Nance, and others. He obtained the register's deed, and a surrender of the premises from the tenant of the defendants. But, before acquiring actual possession, and in fact before the sale, but during the pendency of the suit, one Harrison entered on the land, as the tenant of the appellants, who were at the time prosecuting an action of ejectment for the recovery of the property, against the possession of the estate of Nance. On

VOL. LI.

[Chapman v. Gibbs.]

the application of the appellee, as the purchaser, the chancellor ordered a writ of assistance to put him in possession.

The order of the chancellor asserts the doctrine, that during the pendency of a suit in equity, for a specific estate in land, whatever interest in and to it, greater than before, a third person may acquire without privity of court, is bound by the decree, without regard to his prior right or title. For instance, that a claimant of land, no matter how good his title may be, shall not by his own act acquire possession, held adversely by the defendant in a suit to subject the property specifically to the payment of his debts, so as thereby to compel the plaintiff to institute another suit against him.

We think the proposition is in accordance with the rule pronounced in *Creighton* v. *Paine*, 2 Ala. 158; *Kershaw* v. *Thompson*, 4 Johns. Ch. R. 609; and *Murray* v. *Ballou*, 1 Johns. Ch. R. 566. Although these are cases of a right wholly acquired from the defendant while the suit was pending, the principle is the same in respect to any increased or additional right secured, or advantage gained. A plaintiff in ejectment may have the superior title; but, if the defendant be allowed to surrender the possession to him, or he be permitted to enter upon the land, when the mortgagee of the defendant is about to foreclose his mortgage, or to enforce his action of ejectment, the latter is prejudiced, by having his suit rendered nugatory; and the tendency of such practice would be to bring the court into contempt, through the fraud and artifice of litigants.

In this case, the appellant has virtually decided her ejectment suit in her own favor, and appropriated to herself whatever interest the appellee recovered in his suit, as belonging to the estate of Nance. This interest may eventually prove to be nothing; but, at the commencement of these suits, it was at least the possession of the property. As the appellant acquired it *pendente lite*, it is subject to the judgment of the appellee. If the appellant gains her ejectment suit, she will recover against the interest of the estate of Nance, and, consequently, against all that the appellee obtained by his purchase. So the litigation will be concluded by the suits already instituted. But, if the parties to a suit may be changed at the pleasure of either of them, or by the interference of others, there would be no end of the litigation.

The decree is affirmed.