(85 South. 547)

### O'STEEN v. O'STEEN. (6 Div. 59.)

(Supreme Court of Alabama. June 3, 1920. Rehearing Denied June 30, 1920.)

**1. Dower ⬅➡46(4)—Dower right of cotenant's wife subordinate to the right of other cotenants to partition.**

Under Code 1907, § 3817, the inchoate dower right of the wife of a cotenant is subordinate to the right of other cotenants to have partition, since the cotenant's right to partition is paramount, and the liability to be divested by an adversary proceeding for partition attaches as an incident to every estate in common.

**2. Dower ⬅➡46(4)—Partition ⬅➡116(1)—On sale in partition dower right of wife of cotenant attaches to proceeds.**

In the event of a partition in kind, whether by judicial decree or by agreement of cotenants, the right of the wife of a cotenant is transferred to that part of the estate set apart for her husband, but where the land is sold for di-

vision under a decree, the purchaser takes title free from the incumbrance of dower right, the realty is converted into personalty, and the dower right of the wife must be fastened upon the proceeds or it is extinguished and destroyed, under Code 1907, § 3817.

**3. Dower ⬥⟾38—Dower may not be defeated by act of husband.**

The wife's inchoate right of dower, while it does not rise to the dignity of an estate in land, is a valuable right, having some of the incidents of property, and may not be defeated by the act of the husband without the assent and concurrence of the wife.

**4. Dower ⬥⟾44—Cotenant's conveyance of land without joinder of wife does not affect wife's dower right.**

The conveyance of land held in common, in which all of the cotenants joined, did not affect the dower right of the wife of a cotenant who did not join therein.

McClellan, J., and Anderson, C. J., dissenting.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Annie B. O'Steen against Ida O'Steen to quiet title to land. From a decree dismissing the original and cross-bill, complainant appeals. Affirmed.

The following is the agreed statement of facts:

The complainant and respondent are each over the age of 21 years, respondent being a resident of Jefferson county, Ala., and complainant being a resident of Lauderdale county, Ala. Complainant was at the time the bill in this case was filed, and still is, in peaceable possession of the real estate described in the original bill of complaint, and claims to own the same in her own right, and did so claim at the time the bill was filed in this cause, and there was at the time this bill was filed, and still is, no suit pending in any court to enforce or test the validity of the title, claim, or incumbrance claimed by the respondent in the real estate described in the bill of complaint in this cause, except cross-bill in this cause charging collusion and fraud in influencing husband in conveying his property contrary to wishes of respondent.

D. C. O'Steen, who died intestate on June 4, 1913, died seized and possessed of the real estate described in the original bill of complaint. The said D. C. O'Steen left surviving him his widow, the complainant herein, and the following children, who are his only heirs at law, viz.: Fannie Webster, Sallie Regotti, Verner McCarver, William C. O'Steen, Jimmie Goode, Mary Darby, Alvin D. O'Steen, Bramlett F. O'Steen, Margurite O'Steen, and D. C. O'Steen, Jr.

There has never been any administration on the estate of the said D. C. O'Steen, deceased, but there are no debts unpaid against his estate.

On November 29, 1918, the said Fannie Webster and husband, A. W. Webster, Sallie Regotti and husband, Joe Regotti, Verner McCarver and husband, James McCarver, William

C. O'Steen and wife, Bell O'Steen, Jimmie Goode and husband, Thomas H. Goode, Mary Darby and her husband, L. H. Darby, Alvin D. O'Steen and Bramlett F. O'Steen and wife, Virginia O'Steen, Margurite O'Steen, unmarried woman, and D. C. O'Steen, unmarried man, all joined in a deed of conveyance of the real estate described in the bill of complainant, Annie B. O'Steen, and the said deed of conveyance was executed and delivered to complainant by the said parties in lieu of a partition or sale for division of the real estate described therein, and said deed was executed, witnessed, and acknowledged by all the parties thereto in all respects as required by law, and was effectual to convey the title of said real estate to complainant unless it be for the failure of respondent, Ida O'Steen, to join in the execution of said conveyance. The respondent, Ida O'Steen, refused to join in the execution of said conveyance, and did not so join. The respondent, Ida O'Steen, is the lawful wedded wife of the said Alvin D. O'Steen, being lawfully married to him on, to wit, December 23, 1913, and the respondent and the said Alvin D. O'Steen have two children, the issue of said marriage, one being a girl of, to wit; 2 years of age. The respondent is 37 years of age, and her husband, Alvin D. O'Steen, is 32 years of age. When the said property was conveyed to the complainant, respondent's husband, Alvin D. O'Steen, did not share with respondent the proceeds of said sale, and respondent was in no respect a party to the transaction. Respondent, and her husband, Alvin D. O'Steen, were living together at the time the said deed was executed and delivered to complainant, and have always lived together since their marriage.

Burgin & Jenkins, of Birmingham, for appellant.

The court erred in dismissing the bill in this case. Section 3817, Code 1907; 169 Ala. 654, 53 South. 834.

W. H. Anderson, of Birmingham, for appellee.

No brief reached the reporter.

SAYRE, J. Appellant filed her bill in this cause under the statute to settle the title to land in Jefferson county. Appellee is made the sole party defendant. The cause was submitted for final decree on an agreed statement of facts, which should appear in the report of the case. Appellant's bill was dismissed, and from that decree this appeal is prosecuted.

In effect the ruling in the trial court was that appellee had an interest in the land, and that therefore no decree to the contrary could be rendered. The decree was correct.

[1, 2] The inchoate dower right of the wife of a cotenant is subordinate to the right of the other cotenants to have partition. The right to partition is paramount. The liability to be divested by an adversary proceeding for partition attaches as an incident to every estate in common, and the

wife's inchoate dower is affected by the same liability. In the event of a partition in kind, whether by judicial decree or by agreement of the cotenants, the right of the wife is transferred to that part of the estate set apart to her husband; but where the land is sold for division under a decree, the purchaser takes title free from the incumbrance of dower right, the realty is converted into personalty, and the dower right of the wife, or wives, must be fastened upon the proceeds or it is extinguished and destroyed. These are the principles of the common law as modified by the statute (section 3817 of the Code of 1907), which provides, inter alia, that a sale or partition of land of joint owners or tenants in common shall bar the right of dower of the wife of the joint owner or tenant in common in the land sold or partitioned. McLeod v. McLeod, 169 Ala. 654, 53 South. 834; Cooper v. Cloud, 194 Ala. 449, 69 South. 928.

[3] But the wife's inchoate right of dower, while it does not rise to the dignity of an estate in land, is a valuable right, having some of the incidents of property, and may not be defeated by the act of the husband without the assent and concurrence of the wife. Holley v. Glover, 36 S. C. 404, 15 S. E. 605, 16 L. R. A. 776, 31 Am. St. Rep. 883, cited in Cooper v. Cloud, supra.

[4] In the brief for appellant our attention is called to the statement of the agreed facts that defendant's husband joined the other cotenants in a conveyance of the land to complainant, and that "the said deed of conveyance was executed and delivered to complainant by the said parties in lieu of a partition or sale for division of the real estate described therein," and the argument is that cotenants may, by agreement and conveyance, do what the law would do at the instance of any one of them. But in the case of a sale for division—that being the only case in which it is supposed that the wife's inchoate dower may be destroyed— the law does not do just what the cotenants in this case have sought to do. It converts the husband's interest into money, and thereby incidentally affects the wife's inchoate right of dower, but it does not cut off the wife from recourse to the court with a prayer for an arrangement by which her contingent right may be preserved in the fund into which the land has been converted; certainly, at least, it does not permit the husband, of his own initiative, and without the wife's concurrence or assent, to destroy the wife's right, as was the effort of the parties to the conveyance in this case. The trial court correctly held, therefore, on the agreed statement of facts, that the defendant's contingent interest in the land of her husband had not been destroyed by his joinder in the conveyance.

Appellant relies upon the same language used in McLeod v. McLeod, supra. If ex-

pressions may be found in the opinion in that case not in harmony with what has been said in this, such expressions were by the way, were not necessary to the decision in that case—which was correctly decided on its facts—and are not authority in the case at bar.

Affirmed.

SOMERVILLE, GARDNER, THOMAS, and BROWN, JJ., concur.

ANDERSON, C. J., and McCLELLAN, J., dissent.

McCLELLAN, J. (dissenting). The question decided by the court below and now presented for review is this: Is the inchoate right of dower in a wife concluded by a conveyance, not executed by the wife, in which the husband voluntarily joins with his cotenants to convey the jointly owned real estate "in lieu of a partition or sale for division" of such real estate? The question was answered in the affirmative, 10 years ago, by this court in McLeod v. McLeod, 169 Ala. 654, 661, 53 South. 834; and this decision has been since cited, without questioning, in O'Neal v. Cooper, 191 Ala. 182, 186, 67 South. 689, and Cooper v. Cloud, 194 Ala. 449, 454, 69 South. 928. It was soundly said in McLeod v. McLeod that it is "immaterial whether the partition be effected by the voluntary acts and deeds of all the parties, or whether it be judicially determined at the suit of any one or more of the parties. The result and right of the widow to dower is the same in either case. It is not the judicial proceeding that cuts off the right to dower in land so partitioned or sold for that purpose; nor does such proceeding confer the right to the husband's share so partitioned or sold. It is the fact that the dower right of the widow in such case is subsequent and subservient to the prior and paramount right to partition and to sell for that purpose." This decision, in the particular indicated, has become a rule of property, and should not now, 10 years after its deliverance, be disturbed. A reading of the opinion in the McLeod Case discloses that the quoted declaration was not dicta. The concrete question there presented required a pronouncement comprehending the doctrine declared in the quoted feature of the opinion— a doctrine that is applicable to the cause at bar. The reason why a dower right is so concluded, though the wife does not join in the conveyance, is that it is subordinate to the superior right of partition or of sale for division; and the efficacy of this superior right, inhering in the relation, and attaching to the subject of the joint tenancy, is not in the least dependent upon the mere means by which the superior right is effected.

Independent, however, of the pronouncement quoted from McLeod v. McLeod, supra,

Code, § 3817, expressly confirms the correctness of the view indicated. That section provides:

"A sale or partition of land of joint owners or tenants in common shall bar the right of dower or curtesy of the wife or husband of the joint owners or tenants in common to the lands sold or partitioned."

In my opinion, there is no warrant for restricting this statute to judicial sales or judicial partitions. The terms of the statute are without any limitation or suggestion of limitation of that character. Partitions or sales of jointly owned property by agreement or act of the joint owners is within the purview and contemplation of the statute. The statute is not assigned to the chapter of the Code devoted to Partition and Sales for Division. It is placed in the chapter on Dower. Its design was and its effect is to subject both dower and the husband's curtesy to the bar declared. If the lawmakers had intended to accord this statute an effect to restrict its operation to judicial partitions or judicial sales for division, it would have been assigned to the feature of the Code governing that subject, rather than, as was done, to the feature of the Code that dealt with the right of dower itself. Furthermore, since Chaney v. Chaney, 38 Ala. 35, was decided in 1861 a judicial sale (even where, as there, the husband died before sale under decree entered in his lifetime) operated to conclude the dower right in the property in which the husband was a coparcener. Hence, to now read section 3817 as restricted to judicial sales is to relegate it to the class of statutes that merely codify the law established by decisions. I can see no justification for such a denial to the statute of any practical effect.

ANDERSON, C. J. (dissenting). I agree in the dissent of Justice McCLELLAN and in his interpretation of section 3817, but wish to add that if it meant only judicial sales or partitions it would have said so. As to the McLeod Case, 169 Ala. 654, 53 South. 834, while the state report shows my concurrence in the opinion, as a matter of fact I, with Justice Simpson, dissented upon the rehearing, and the concurrence is correctly set forth in the report of the case in 53 South. 834. My dissent was based, however, upon the theory that the widow of William McLeod had the right to look to the proceeds of the sale as a substitute for the land, under the doctrine of the Chaney Case there cited. Indeed, counsel for the widow did not seek to fasten dower upon the land, but upon the proceeds of the sale, and my idea was that the conveyance to his children by William McLeod was not a bona fide sale for a valuable consideration, but was intended as a mere subterfuge for defeating her dow-

er right in the land, and that the proceeds of what was his interest under the probate sale was subject to her dower. Independent, however, of the McLeod Case, which was not controlled by the statute in question, the said statute which applies to the case at bar cuts off dower in the event of sale. Of course, there should be a sale as distinguished from a gift of the land. The wife would also have the right to attack such a sale if made to fraudulently cut off her dower, but as long as it is a bona fide sale the conveyance effectually cuts off her dower, and remits her to the proceeds of the sale for the enforcement of same as a substitute for the land.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes