# Dial *v.* Gambrel.

*Petition in Chancery Suit.*

1. *Finality of decree; can not be varied or altered after adjournment of term when rendered.*—After the adjournment of the term of court at which a decree foreclosing a mortgage was rendered, such decree becomes final and conclusive and a solemn adjudication that the lands described in it were the property of the mortgagor, and can not be afterwards altered, varied, contradicted or otherwise impeached or impaired by any of the parties to the suit, except for fraud; and therefore the purchaser at the foreclosure sale, who was the complainant in said suit, can not, by petition in said cause, set up a mistake in the description of the land and have the sale under said decree set aside and the description contained in said decree corrected, so as to include the lands which were intended to be included in the mortgage and sold under said decree; and this is true, even though it is averred in the petition that the property sold was the property of the complainant and not the property of the mortgagor.

APPEAL from the Chancery Court of Sumter.

Heard before the Hon. THOS. H. SMITH.

In the case of Dial v. Gambrel in the Chancery Court of Sumter County, the complainant John Dial filed a petition addressed to the Chancellor, which averred the following facts: One Dewitt sold to Gambrel the N. ¼ of the S. E. ¼ of Section 11, Township 18, Range 4, East, and on March 9, 1886, executed to said Gambrel a deed in which the lands were, by mistake, described as the N. ½ of the N. E. ¼ of Section 11. Gambrel, however, went immediately into possession of the N. ¼ of the S. E. ¼ of Section 11. On March 16, 1892, Gambrel, borrowed money from the petitioner, John Dial and agreed to give him a mortgage on the N. W. ¼ of the S. E. ¼ of said Section 11, but in the mortgage executed the land included therein was described in so uncertain and unintelligible a way as that upon the mort-

gage debt not being paid John Dial filed a bill asking for a reformation and correction of the description and that the mortgage be foreclosed. In this bill the misdescription of the mortgage from Gambrel was asked to be corrected, so as to describe the lands conveyed in said mortgage as the N. W. ¼ of the N. E. ¼ of said Section 11. From a decree in this suit, an appeal was taken to the Supreme Court, and in this court a decree was rendered reforming the mortgage and describing the lands as prayed for in said bill as the N. W. ¼ of the N. E. ¼ of said Section 11. The cause was then remanded for further proceedings in the chancery court. There was then a decree rendered by the chancellor granting the prayer of foreclosure and granting an order to the register to ascertain the amount of the mortgage debt. There then followed the report of the register an order of sale. At this sale John Dial, who was the complainant in said bill and the mortgagee, became the purchaser. The sale was reported to the chancery court, was confirmed and a deed was made to the purchaser of said lands as described, and a deed was made by the register to John Dial the purchaser.

There was also an execution issued out of the chancery court for certain unpaid costs which had been taxed against the defendants in said suit, and the sheriff levied said execution upon the N. E.¼ of the N. E. ¼ of Section 11 as the property of the defendant to said suit. Under this levy the lands were sold and bought by said Dial, to whom the sheriff executed a deed thereto.

It is averred in the petition that in having the description of the lands as contained in the mortgage corrected, the complainant in the chancery suit was deceived and misled by the mistake which Dewitt had made in his deed to Gambrel, and had the description corrected so as to include in the lands which Dewitt sold to Gambrel, the lands which were already owned by the complainant. The petition then continued as follows: "That all parties interested and concerned in the transactions connected with said land, have been mistaken in its identity, that neither said Dewitt, nor said Gambrel, ever owned, claimed or occupied the N. ½ of the N. E.

[Dial v. Gambrel.]

¼ of Section 11, Township 18, Range 4, west or any part thereof, but the said Dewitt surrendered possession of the N. ½ of the S. E. ¼ of said section to the said Gambrel, who has held and occupied the same since the date of said deed. In point of fact, the N. ½ of the N. E. ¼ of said section had belonged to petitioner for nearly twenty years under a valid deed without any adverse claim of ownership whatever. Petitioner further alleges that neither he, said Dewitt, or said Gambrel, or any of the solicitors interested in said proceedings knew or had any intimation of the erroneous description of the lands embraced in the proceedings mentioned; and petitioner having paid the purchase money of said land to the said register as aforesaid, respectfully prays this court to set aside sale, and instruct said Register to return the purchase money to the said petitioner and declare the decree in favor of the complainant and petitioner unsatisfied. And for all such other and further relief as to your honor may seem meet and proper."

After making the averments as to the lands purchased at the execution sale, the petition then continued as follows: "That he is entirely an unlearned man, neither able to read or write and could not tell the description of his own lands. Petitioner asks your honor to set aside said sale, declare the said execution unsatisfied, and direct the return of the purchase money to the purchaser, the petitioner. And for all such other and further relief as he may be entitled to."

Upon the hearing of the petition the chancellor denied. From this decree the petitioner appeals, and assigns the rendition thereof as error.

McEACHIN, SMITH & HARKNESS, for appellant, cited *Ray v. Womble,* 56 Ala. 32; *Anniston Pipe Works v. Williams,* 106 Ala. 324; *Beach v. Dennis,* 47 Ala. 262; *Lockett v. Hurt,* 57 Ala. 198; *Cowan v. Sapp,* 74 Ala. 44.

J. J. Altman, for appellee.

[Dial v. Gambrel.]

TYSON, J.—The decree rendered by this court on the 29th day of October, 1898, reforming the mortgage held by complainant so as to correctly describe the land conveyed by it and ordering its foreclosure as reformed, and further, adjudging that complainant has a lien upon the land and condemning it to be sold for the satisfaction of the debt secured by the mortgage was a final decree. The term of the court having passed at which that decree was rendered, this court, upon application to it, would be without power to alter, vary or annul it except for the mere correction of clerical errors or omissions or for fraud.—3 Brick. Dig. 32, § 79. The decree being final and conclusive, the solemn adjudication that the lands described in it were the property of the mortgagor can never afterwards be contradicted or otherwise impeached or impaired by any party to the cause except for fraud. Nor can a purchaser at the foreclosure sale of the land be heard to say that they were not the property of the mortgagor, but were his own.

The petition filed by the complainant, who by his bill invoked and procured this decree, seeks to set aside the sale at which he became the purchaser of the land. By this petition he proceeds, by its averments, to deny that the land was the property of the mortgagor, and seeks to have the sale and purchase by him set aside solely upon the ground that the lands condemned and which he bought were in fact his own. He alleges no fraud, but predicates his right to impeach the solemn recitals of the decree upon his ignorance of land numbers. If the averments of his petition be true, he has made the unfortunate mistake of having taken a mortgage upon his own land and this is not all, he has procured the court to decree a lien upon his own land as being the land of the mortgagor and to sell it as the land of his mortgagor. And yet, we are not at the end of the chapter. He purchases this same land at the foreclosure sale and also a portion of his own lands under an execution issued out of this court for the costs adjudged against his mortgagor, who was the appellee in the cause in which the decree was rendered by this court in his favor. It is almost inconceiv-

[National Building & Loan Association v. Ballard.]

able how so many mistakes could have been made by him. But they seem to have been made. But whether made or not, he cannot be permitted to attack the conclusiveness of the decree in the mode here attempted. The chancellor did not err in dismissing his petition.

Affirmed.