# Long *v.* Morris.

### *Bill for Writ of Assistance.*

(Decided April 4, 1912. 58 South. 274.)

1. *Assistance, Writ of; Nature and Scope.*—A writ of assistance is the ordinary process used by the chancery court to put a party into the possession of property when he is entitled thereto, either by decree or interlocutory order.

2. *Same; Issuance.*—While a writ of assistance should not be issued in doubtful cases, yet where a purchaser went into the possession of land under a deed from his vendor before its sale on foreclosure proceedings, and before such suit was pending, and was dispossessed by writ to a sheriff in that proceeding, to. which he was not a party, his petition for writ of assistance to restore him to the possession of the land should be granted.

3. *Mortgages; Foreclosure; Assistance; Issuance.*—A writ of assistance will issue against the party to a suit or his representative, or a person coming into the possession under him pendente lite, or after the sale of the premises, or against any person who holds possession as a mere intruder or trespasser, whether his possession was before or after suit; but it does not extend to persons in posses-

sion who could not be bound by the forecloure suit, and who claim under a purchase, or a bona fide claim of ownership as distinguished from a trespasser, and who went into possession before the suit was brought.

4. *Same; Purchaser at Foreclosure; Writ.*—A purchaser at foreclosure sale is not entitled to a writ of assistance against one in possession of the land under a tax deed who claims title thereto, and who was not a party to the action, or in privity with any party thereto.

APPEAL from Limestone Chancery Court.

Heard before Hon. W. H. SIMPSON.

Petition by George W. Long, directed to John R. Morris, for a writ of assistance to restore him to the possession of certain lands. From a decree denying the petition, petitioner appeals. Reversed and remanded.

The allegations of the petition are that Long purchased the lands described in the petition from William H. McClellan on February 19, 1910, paying therefor the sum of $180, a copy of which deed is attached; that at the time of the purchase said McClellan was in the possession and control of said land, and that upon his purchase petitioner went into possession of said lands, and remained in possession and control thereof until the 20th day of April, 1911; that McClellan purchased said land at a sheriff's sale, made in pursuance of an order in regular proceedings, which proceedings are attached to the petition. It is then alleged that Robert I. Wade, instituted his suit in the chancery court of Limestone county against Isreal and Belle Pryor, for the purpose of foreclosing an alleged mortgage executed between the parties, and upon the lands above described, and that a decree was rendered by the said court, directing the foreclosure of the mortgage, and ordering a sale of the lands. It is then alleged that a sale was made under the decree by the register, and that John R. Morris purchased at said sale; that the sale was duly reported to and confirmed by the court,

[Long v. Morris.]

and on the 28th day of April, 1911, the register issued a writ to the sheriff directing him to put said Morris in possession of said land, which was accordingly done, as is shown by the papers attached. It is then alleged that the petitioner was not a party to the suit between Wade and the Pryors; that he was in possession of the land at and some time before the institution of said suit, and subsequent thereto, and pending said suit, all under claim of right and claim of purchase, until April 28, 1911. It is then alleged on information and belief that the mortgage had been paid in full some time prior to the filing of this suit, and that the title to said land was in petitioner without incumbrance.

JOHN B. McCLELLAN and W. R. WALKER, for appellant. An appeal lies from an order refusing the petition.—*Wiley v. Carlisle,* 93 Ala. 237. A chancery court is without authority to dispossess a stranger to the proceedings who holds under a claim of right, although it has authority in the proper instance to put a purchaser at foreclosure in possession.—*Craighton v. Paine,* 2 Ala. 158; *Trammel v. Simmons,* 8 Ala. 271; *Thornton v. Campbell,* 57 Ala. 183; *Hooper v. Young,* 69 Ala. 484; *Johnson v. Smith,* 70 Ala. 108; *Wiley v. Carlisle, supra;* 88 U. S. 289; 101 U. S. 837; 28 N. J. E. 412; 4 Cyc. 292, et seq. The chancery court will not settle title to land under color of enforcing its decree.—*Ex parte Foreman,* 130 Ala. 278; *Thomas v. Campbell,* 57 Ala. 183. For the practice to be pursued to dispossess a stranger, see authorities supra. A purchaser of an equity of redemption is an indispensable party to a proceeding to foreclose a mortgage.—*Hall v. Huggins,* 19 Ala. 200; *Thompson v. Campbell, supra; Comer v. Bray,* 83 Ala. 217.

[Long v. Morris.]

M. K. CLEMENTS, for appellee. Petitioner's equity of redemption had been cut off.—*Childress v. Monette*, 54 Ala. 317. Petitioner was therefore holding without legal right and not entitled to the writ of possession.— *Thompson v. Campbell*, 57 Ala. 183.

ANDERSON, J.—"The writ of assistance will issue against a party to the suit or his representative, or a person coming into possession under him pendente lite, or after a sale of the premises, or against any person who holds possession as a mere intruder or trespasser." —4 Cyc. 292; *Wiley v. Carlisle*, 93 Ala. 237, 9 South. 288; *Thompson v. Campbell*, 57 Ala. 188. "A writ of assistance is the ordinary process used by a court of chancery to put a party, receiver, sequestrator, or other person into possession of property, when he is entitled thereto, either upon a decree or an interlocutory order. The most familiar instance of its use is where land has been sold under a decree foreclosing a mortgage; but it is also employed whenever a court of equity, having jurisdiction of the premises and property in controversy, has determined the rights of the litigants to the title or possession of real estate. The writ will issue in favor of a purchaser at a sale of real estate under a decree, and according to the weight of modern authority it will be awarded in favor of the grantee of such purchaser. The writ will issue only against parties to the suit, or their representatives, or those who come into possession under either of the parties while the suit was pending. If, in a suit to foreclose a mortgage, the court does not acquire jurisdiction of the person owning the land at the time the suit is begun, a writ of possession against the owner or his grantee will be refused."—2 Am. & Eng. Ency. Pl. & Pr. 975; *Terrell v. Allison*, 88 U. S. 289, 22 L. Ed. 634.

Our court seems to have extended the rule as against mere trespassers or intruders, whether their possession was before or after the suit, but has extended it no further, and it does not apply to persons in possession, who could not be bound by the foreclosure suit, and who claim under a purchase or bona fide claim of ownership, as distinguished from a trespasser, and who went into possession before the suit was brought. A purchaser at a forecloseure sale is not entitled to the writ against one in possession of the land under a tax deed, who claims title to the same and was not a party to the action, or in privity with any party thereto.—*Exum v. Baker,* 115 N. C. 242, 20 S. E. 448, 44 Am. St. Rep. 449. In doubtful cases the writ should not be issued, and when it has been imprudently or improperly issued it is the duty of the court, upon application, to set it aside and restore the injured party to the possession.—*Wiley v. Carlisle, supra.* In the case at bar, Long went into the possession of the land as a purchaser, and under a deed from McClellan, before the sale and before the pendente lite, and should not have been ousted by the writ of assistance, and the chancery court erred in not granting his petition to vacate the said writ and to reinstate his possession. It is suggested in brief of counsel, as well as in the opinion of the chancellor, that Long had no title, as he bought from McClellan, who bought under a sale subsequently vacated. The validity of Long's title was not a proper inquiry in proceedings of this kind; for, if he was improperly ousted, he should have been restored to his original status and litigated with in the proper manner as to the sufficiency of his title. The writ of assistance should not be exercised in case of doubt, nor under color of its exercise will a question of legal title be tried or decided.—*Barton v. Beatty,*

28 N. J. Eq. 412; *Foreman's Case,* 130 Ala. 278, 30 South 480; *Thompson v. Campbell,* 57 Ala. 183.

The decree of the chancery court is reversed, and the cause is remanded, in order that the lower court may proceed in conformity with this opinion.

Reversed and remanded. All the Justices concur, except McCLELLAN, J., not sitting.