25 So.2d 21

### SELLERS et al. v. MANASCO.
#### 6 Div. 406.

Supreme Court of Alabama.
Jan. 17, 1946.

Rehearing Denied March 7, 1946.

Arthur Fite, of Jasper, for appellants.

Curtis & Maddox and Pennington & Tweedy, all of Jasper, for appellee.

446

FOSTER, Justice.

The question of law to be determined on this appeal is whether the claim of right to remove a house off the lot in controversy exists on any account for the benefit of appellee.

The litigation arose by a suit in equity by appellee, to whom we will sometimes refer as complainant, to quiet the title to a certain described lot of land in the city of Cordova, in Walker County, Alabama. It was a statutory bill and contained the necessary allegations. Section 1109, Title 7, Code.

Appellants were respondents and filed an answer and cross-bill alleging that they are the owners of a lot in Cordova, particularly described, adjoining that of complainant, and there is a dispute between them as to the correct location of the boundary line between them, and praying the court to establish the boundary line and adjudge that they are the owners of the land in dispute. On hearing the cause on issue joined on the cross-bill and original bill, a decree was rendered reciting that it was on testimony noted and the agreement of the parties in open court; that "the parties (came) in open court in person and by their attorneys and agree that the following decree be rendered." It is then decreed that complainant is the owner and is entitled to the possession of the following described land in Walker County, Alabama. The lot is specifically described as in the original bill. It then decreed that respondents, appellants here, are the owners of and entitled to possession of the following described land in Walker County, Alabama. The lot is specifically described as in the answer and cross-bill of respondents. It then decreed that the west boundary line of the land, first above described, is established as the dividing line between the land of complainant and respondents.

More than thirty days thereafter appellants filed a petition alleging that complainant is in possession of a part of the lot adjudged to belong to them, and refuses to surrender such possession, and prays that complainant be required to surrender possession of the land, or upon his refusal that a writ of possession be issued.

In answer to the petition, it is alleged that the two lots were a part of a tract inherited by the heirs of John Hood, deceased; that they divided the tract, and that the lot claimed by complainant was deeded to one of them, Leila Meyers. She sold and later deeded it to complainant, who was then a tenant living in a house which they supposed was on the lot. Complainant's contract described the property as one four room house known as the Speigle house located in the town of Cordova. It was shown that the house where complainant was living was so known, and also known as the John Hood house. When Mrs. Meyers deeded the lot to complainant a short time before this suit was originally filed, it did not say anything about the house. But the deed from the heirs to her stated that the lot has upon it the John Hood house.

The boundary line had been surveyed three times before complainant filed this original suit to quiet title. All of them located the house on the lot of respondents and complainant knew that when he filed the suit. On hearing the proof on the petition for a writ of possession the court had evidence of witnesses and the documents before him, and found that complainant is the owner of the house known as the John Hood house situated on the lot of respondents, and that complainant knew it was so situated prior to the time the deed was made to him and prior to the time when he filed this suit, but did not impart it to his attorneys, and "throughout the evidence on the original trial of this case, the house was placed on the Manasco lands," that is the complainant. The court thereupon decreed that the lot on which the house is situated is that of respondents, and that the house on that lot is owned by complainant. The complainant was allowed four months in which to remove it.

Respondents have brought this appeal and contend that in making such decree the court in effect modified its final decree quieting the title at a time when it had lost the power to do so under Rule 65, Chancery Practice. That is the question therefore thus briefly stated.

■ The court may order a writ of possession to enforce its decree. Section 332, Title 7, Code; Long v. Morris, 176 Ala. 371, 58 So. 274; Cooper v. Cloud, 194 Ala. 449, 69 So. 928.

■ Of course permanent improvements are a part of the land; and when one recovered a judgment at common law for the land he had the improvements without liability for their value. Gordon v. Tweedy, 74 Ala. 232, 49 Am.Rep. 813. But sections 945, 946 and 947, Title 7, Code, on certain conditions, allow the defendant losing the land by judgment for plaintiff to have the value of his improvements assessed and paid. Those statutes have application also in equity when appropriate. Mink v. Whitfield, 218 Ala. 334, 118 So. 559.

■ The decree was not simply one to establish a disputed boundary line, but it was to quiet title both to respondents' land and to complainant's land, pursuant to the original and cross-bill, respectively.

That decree adjudges that the lot of respondents belongs to respondents. That includes the house situated on it as a permanent improvement, unless otherwise decreed. Complainant could have had the benefit of sections 945, 946 and 947, Title 7, supra, but made no such claim. He does not show any legal right to remove the house had such right been asserted prior to the original decree quieting the title, though he might have had the benefit of its value. The negligence of complainant in not advising his attorneys about the status of the house so as to get its value allowed under the statute cannot be corrected after the court has lost power over the decree under Rule 65, Chancery Practice, Code 1940, Tit. 7 Appendix, for there was then no justification for a decree in substance amending that formerly rendered, in the absence of fraud or its equivalent on the part of respondents in procuring its rendition. A court of equity will not relieve a person from a situation in which he has voluntarily placed himself through his own ignorance or mistake. Venable v. Turner, 236 Ala. 483, 183 So. 644; Dial v. Gambrel, 126 Ala. 151, 28 So. 1.

■ There must be a conclusion to litigation and a final decree puts at an end all controversies litigated or which ought to have been litigated within the power and duty of the parties in respect to the particular controversy. If such an issue was not brought in, through ignorance or mistake of one who now asserts it, but for which ignorance or mistake his adversary is not legally or equitably responsible, it is none the less finally concluded by the decree.

In the suit in which the title and rights of each party were respectively decreed, the claim of one for improvements on the lot of the other is necessarily involved.

We think the court erred in denying to respondents a writ of possession and in allowing complainant to remove the house off of the lot which it was adjudged belonged to respondents. The decree of the circuit court is reversed, and one here rendered ordering a writ of possession in favor of respondents and against complainant as to the lot adjudged to belong to them including the house situated upon it.

Reversed and rendered.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.