109 So.2d 710

**T. D. McMINN et al.**

v.

**W. D. DERRICK.**

6 Div. 352.

Supreme Court of Alabama.

Feb. 19, 1959.

St. John & St. John, Cullman, for appellants.

W. Marvin Scott, Cullman, for appellee.

MERRILL, Justice.

This is an appeal from two decrees in the same cause. The second decree was substituted for the first decree and it is contended that the court was without power to render the second.

Appellee, complainant below, filed a bill of complaint seeking to establish a mechanic's lien on appellants' property. It was alleged that complainant and respondents entered into a verbal agreement wherein the complainant agreed to furnish labor, materials and supplies in remodeling, constructing and repairing a room in the dwelling on the property described in the bill; that under the terms of said agreement, the complainant furnished building material, wiring, labor and supplies used in the remodeling, constructing and repairing of the same to the extent of $452.50, which is still due and unpaid.

The respondents, appellants here, filed their answer and cross-bill to the bill of complaint, alleging that the complainant and respondents did enter into a contract which was verbal and under which the complainant agreed to furnish the labor and materials to convert a garage into a bedroom and bath, including tile and a bay window, for a contract price of $1,040, against which said sum respondents were to be credited with the sum of $40 for a

door which complainant took from said building. The answer and cross-bill further alleges that tender was made of this amount upon completion of said work and that complainant refused to accept said amount alleging that his bills were in excess of said amount. The cross-bill further alleges that the respondents had to pay the materialmen's bills in the amount of $1,-304.67, and that there was still outstanding a bill of $90 for material which would have to be discharged, and the respondents claim by way of their cross-bill the excess of the contract price which was paid for said materials in the sum of $563.01.

Issue was taken on the cross-bill.

The following then occurred, all in 1958:

March 25—Testimony taken ore tenus before the court.

May 20—Final decree for $452.50 for complainant but silent as to the cross-bill.

June 19—Respondents file motion for rehearing because no action was taken on cross-bill.

June 25—Complainant moved to strike petition for rehearing and for a "supplemental decree passing on the cross-bill."

July 25—Court set August 15 for hearing the cause.

August 19—Court rendered another decree setting aside the May 20th decree, and denying relief under the cross-bill; otherwise, it was the same as May 20th decree.

September 16—Respondents made a motion for second rehearing.

September 19—Complainant filed petition to foreclose lien.

September 19—Writ of garnishment on judgment issued.

September 19—Respondents appealed from decrees of May 20th and August 19th.

Appellants contend that the "trial court had lost jurisdiction to amend the decree at the time of rendering same." We agree.

■ This court has held that while Sec. 6670, Code 1923 (now Tit. 13, § 119), which fixed thirty days as the period within which a judgment or decree is under the control of the court, applied to a decree in equity, a motion for rehearing of a decree in equity was still governed by Equity Rule 81 (now Rule 62, Code 1940, Tit. 7 Appendix). Money v. Galloway, 236 Ala. 55, 181 So. 252. (Equity Rule 62 specifically limits applications for rehearings to thirty days, whereas, old Rule 81 limited the action to term time).

Both Equity Rule 62 and Tit. 13, § 119, Code 1940, not only require the filing of the application but that it be presented to the judge or "called to the attention of the court." The record in the instant case shows only a filing of the motion on the thirtieth day, but no presentation of the motion to the judge. The result was as if no application for rehearing had been made within thirty days, and the court was without jurisdiction either to set aside or amend the final decree after thirty days. Ex parte Myers, 246 Ala. 460, 21 So.2d 113; See Equity Rule 65; Johnson v. Foust, 242 Ala. 659, 7 So.2d 864. It follows, therefore, that the trial court erred in rendering the decree of August 19, 1958.

■ That brings us to a consideration of the decree of May 20th. As already noted, the only practical difference between it and the decree of August 19th is that the latter denied relief under the cross-bill while the former made no reference to the cross-bill. Unquestionably, the better practice would have been for the court to have included in the decree the action taken on the cross-bill. Evidence had been presented in support of both the original bill and the cross-bill.

■ Appellants were the parties seeking affirmative relief under the cross-bill and the burden was upon them to seek the inclusion of a ruling on it in the decree. They waited until the thirtieth day to seek a rehearing, the basis of which was that no decree had been rendered on the cross-bill. But the

application was not effective because they failed to "present same to the judge." Equity Rule 62. Appellants' remedy was either by a proper application for rehearing or by appeal. They followed the latter course. We are not prepared to hold that the decree of May 20th is void, voidable or should be reversed merely because of the failure to include a ruling on the cross-bill.

 The decree granted the full relief asked by complainant in the amount of $452.50. This was incompatible with the relief sought by respondents under their cross-bill. A decree imports a finding of every essential fact unless it clearly discloses otherwise, 30 C.J.S. Equity § 612, p. 1010; and we have held that a decree which granted full relief to complainant impliedly overruled a motion to dismiss and a demurrer. Dailey v. Koepple, 164 Ala. 317, 51 So. 348. We think the decree of May 20th implicitly carried with it a denial of the relief sought under the cross-bill. A statement of an analogous situation is found in Sellers v. Manasco, 247 Ala. 445, 25 So.2d 21, 22, where it was said:

"There must be a conclusion to litigation and a final decree puts at an end all controversies litigated or which ought to have been litigated within the power and duty of the parties in respect to the particular controversy. If such an issue was not brought in, through ignorance or mistake of one who now asserts it, but for which ignorance or mistake his adversary is not legally or equitably responsible, it is none the less finally concluded by the decree.

"In the suit in which the title and rights of each party were respectively decreed, the claim of one for improvements on the lot of the other is necessarily involved."

We hold that the lower court erred in rendering the decree of August 19, 1958, because of lack of jurisdiction, and as to that part of the appeal, the decree is reversed; but as to the part of the appeal which is from the decree of May 20, 1958, the decree is affirmed. The costs of the appeal shall be shared equally between the appellants and the appellee.

Affirmed in part, reversed in part and remanded.

LAWSON, STAKELY and GOODWYN, JJ., concur.