145 So.2d 185

Rose Bertha TIPPETT

v.

William Molette TIPPETT.

2 Div. 426.

Supreme Court of Alabama.

Sept. 20, 1962.

Goodwyn & Smith, Montgomery, for appellant.

McLean Pitts and Cecil C. Jackson, Jr., of Pitts & Pitts, Selma, for appellee.

PER CURIAM.

This is an appeal from a decree granting a divorce. The appellant here was the respondent in the proceedings below, and the decree was rendered on 17 March 1961.

The appellee has filed a motion to dismiss the appeal on the grounds that the same was not taken within 60 days as required by Section 789, Title 7, Code of Alabama 1940.

The facts essential to a review of the motion to dismiss show that on 17 April 1961 (31 days—30th day being a Sunday) an application for rehearing was filed. The record further shows that on 15 April 1961 the attorneys addressed a letter to the trial judge informing him that the application for rehearing had been filed.

On 2 May 1961 the court entered an order "granting the rehearing" and setting it down for hearing on 16 May 1961. The matter was again timely continued until 18 May 1961. At that time the trial court stated that he did not intend to grant a rehearing in his order of 2 May 1961, but merely to set the application down for hearing. After a hearing on 18 May 1961 the trial court denied the application for rehearing, and on 19 May 1961 the appellant gave notice of appeal. This was some 63 days from the date of the final decree theretofore entered by the court on 17 March 1961.

Equity Rule 62 provides:

"A party desired a rehearing of a cause after decree must file application for rehearing with the register and present same to the judge who rendered the decree within thirty days from the date of said decree. * * * * Upon presentation of such application the judge may in his discretion suspend execution or operation of said decree by order issued to this effect. The judge may grant or overrule said application or modify said decree, as justice may require, or set same down for rehearing, upon such terms and conditions as he may deem just. In any event the judge must enter an order or decree setting forth his ruling. No appeal will lie from such order unless it modifies the decree. The time for appeal is suspended pending the ruling on such application."

█ It is well settled that under our statutes, rules, and decisions that the timely and procedurally regular filing of an application for rehearing will suspend the running of the time limitations of the appeal process.

██ It is also equally well settled that to be regularly filed the application for rehearing must be filed within 30 days of the rendition of the decree, called to the attention of the trial judge, and he must enter an order granting or denying the motion, or continuing it to a future date.

**20**

These last two steps also must be done within the 30 day period. Section 119, Title 13, Code of Alabama 1940; Equity Rule 62, Title 7, Appendix, Code of Alabama 1940; Williams v. Knight, 233 Ala. 42, 169 So. 871; Watson et al. v. Castellow, 234 Ala. 172, 174 So. 292; McMinn v. Derrick, 268 Ala. 604, 109 So.2d 710; Moore v. Ashe, 269 Ala. 359, 113 So.2d 678. The letter to the judge informing him that an application for rehearing had been filed is not equivalent to calling the application to his attention. Actually, there is no showing in this record that the letter was ever received.

█ This aside, no order was entered by the court below within 30 days relating to the application.

This being so, the application became discontinued 30 days after the entry of the decree and the court's order of 2 May 1961, some 46 days after the date of the decree, was functus officio and void.

█ The application for rehearing having become discontinued the appeal time was not tolled by the abortive filing of the application for rehearing and the time for taking the appeal must be reckoned from the date of the decree of 17 March 1961. The notice of appeal was filed on 19 May 1961 some 63 days after appeal taken. This was too late.

The principles above referred to compel the granting of appellee's motion to dismiss this appeal.

The foregoing opinion was prepared by Stakely, Supernumerary Justice of this Court, and was adopted by the Court as its opinion.

Appeal dismissed.

LIVINGSTON, C. J., and GOODWYN, COLEMAN, and HARWOOD, JJ., concur.