205 So.2d 591

**Myrtle Nell ODOM**

v.

**Elnora JEFFORDS et al.**

**6 Div. 359.**

Supreme Court of Alabama.

Oct. 5, 1967.

Rehearing Denied Jan. 18, 1968.

Geo. D. Finley, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Mary Lee Stapp, Asst. Atty. Gen., for Jeffords.

J. Rufus Bealle, Tuscaloosa, and Thomas, Taliaferro, Forman, Burr & Murray, Birmingham, for Cailleteau.

PER CURIAM.

It appears that appellant filed her bill of complaint in the Circuit Court of Jefferson County, in Equity, on October 5, 1965, making appellees parties respondent.

In this bill complainant alleges that on June 13, 1961, she gave birth to a female child; that when the child was one week old respondents conspired among themselves to deprive complainant of the custody of said child, and did take, or cause to be taken, said child and put it in charge of the Welfare Department of Birmingham, Alabama. She avers her fitness, as the mother, to have the csutody of said child; also she avers that as a result of the conspiracy she is entitled to recover damages of the respondents.

Complainant prayed "that the said respondents be required to produce and have the body of her said child before this Court on a day certain, and that she be awarded the custody of said child without further delay." Also she prayed that she be awarded monetary damages which she claimed in the complaint.

Respondent Cailleteau filed what purports to be an unverified plea in abatement. Respondent Jeffords filed a verified plea in abatement. Both pleas assert or aver in effect that the Juvenile and Domestic Relations Court of Jefferson County, Alabama,

assumed jurisdiction over the minor and its custody and committed said child to the custody of the Jefferson County Department of Pensions and Security. Both contend that the Circuit Court of Jefferson County, in Equity, was without jurisdiction under the law to hear the petition because of prior assumption of jurisdiction by said Juvenile Court. Copies of the proceedings in the Juvenile Court were attached as exhibits. It appears from these exhibits that at said hearing in the Juvenile Court appellant was represented by an attorney. No appeal was taken from the judgment of that court.

The pleas of respondents filed to the complaint in equity were heard by the trial judge on April 1, 1966, and a final decree entered on that date pursuant to which the Court adjudged: "That Respondent's said 'Plea in Abatement' is well pleaded and should be, and hereby is, granted and sustained and this cause is abated as prayed * * *."

Thereafter, on April 22, 1966, complainant filed her motion for a rehearing. The motion was denied on May 27, 1966, without any modification of the decree. It does not appear that the respondents or any of them were present when the trial court heard the motion or in any way participated in said hearing, although they had notice. Greer v. Heyer, 216 Ala. 229, 113 So. 14.

It does not appear that when this motion was filed it was thereupon called to the attention of the trial court, or that it was continued to be heard on May 27, 1966, which was more than thirty days after the rendition of the decree sustaining the pleas and abating the suit. § 119, Tit. 13, Code 1940 and Recompiled Code 1958.

[■] The record before us failing to show that the motion was called to the attention of the court within the time prescribed by law (§ 119, Tit. 13, Code 1940; Equity Rule 62, Tit. 7, Appendix, Code 1940), it is our opinion that the trial court did not acquire jurisdiction of the motion. The entry of a decree thereafter, on May 27, 1966, over-

ruling the motion was *functus officio* and void. McMinn v. Derrick, 268 Ala. 604, 109 So.2d 710; Tippett v. Tippett, 274 Ala. 18, 145 So.2d 185.

The decree overruling the motion for rehearing being *functus officio* and void, the time for taking the appeal must be reckoned from the date of the original decree, namely, April 1, 1966.

We are also not unmindful of Equity Rule 62, Title 7, Appendix, Code of Alabama 1940, as recompiled in 1958, which precludes an appeal on a motion for rehearing when there is no modification of the decree. Mize v. Mize, 273 Ala. 369, 141 So.2d 200.

After the appeal on the motion was attempted on June 21, 1966, appellant filed an amended security for costs which purports to embrace or predicate an appeal on the original decree of April 1, 1966. This amended security for costs is dated August 10, 1966, and was filed with the Circuit Clerk of Jefferson County on that date. Appellees' motion to dismiss the appeal was filed here on September 21, 1966, and submitted to this court on October 31, 1966.

We do not think that the amendment of the security for costs had the effect of perfecting the appeal on the final decree within the time prescribed by law as hereafter appears. The original security for costs and the appeal on the decree denying the motion for rehearing were *functus officio* and without legal efficacy for two reasons: (a) The decree overruling the motion for rehearing was *functus officio* and void, and (b) no appeal lies on a decree denying a rehearing unless there was a modification. The security for costs of appeal on the decree denying the motion for rehearing was incapable of amendment because of its invalidity as above appears.

The next question for consideration is when the time for appealing on the decree abating the complaint expired. The decree, as aforestated, is dated April 1, 1966. The

Legislature enacted Act No. 673, Regular Session 1965, p. 1212, §§ 1 and 2, reading as follows:

"Section 1. Appeals to the Supreme Court or to the Court of Appeals from judgments or decrees *affecting* the custody of children must be taken within sixty days from the date upon which such judgment or decree was rendered. Such cases on appeal shall be considered preferred cases.

"Section 2. This Act shall become effective on the first day of the month following six months after its passage and approval by the Governor or after it otherwise becomes a law." (Emphasis ours)

The Governor approved the Act on September 1, 1965.

It is to be observed that the Act became effective on the first day of the month following six months after it was approved by the Governor on September 1, 1965. We construe the effective date to be April 1, 1966. This was the same date the decree was rendered.

The Legislature may limit, restrict or abolish appeals. Constitution of Alabama, 1901, § 140; Ex parte Bracken, 263 Ala. 402, 82 So.2d 629.

The appeal in this case was not taken within the time prescribed by Act 673, supra.

We are not persuaded by appellant's contention and argument that this complaint filed by appellant does not come within the purview of said Act 673, supra, due to the fact that it seeks damages incident to an alleged conspiracy between respondents to deprive complainant of the custody of her child.

Our view is that complainant primarily wants custody of her child and that the character of the complaint affects such custody. The mere injection of a claim for damages as an incident to the primary ob-

jective of the complaint does not alter or change the custodial nature of the complaint. Unless she could lawfully sustain her custodial objective, which gives the bill equity, then she would not be entitled to recover damages in a court of equity if she were entitled to the same in a court of law. The equity of the bill lies in the custodial allegations—not in the claim for damages.

It is stated in Yauger v. Taylor, 218 Ala. 235, 238, 118 So. 271, 274, as follows:

"The rule is general and well recognized that when an equitable cause is presented, the court will, after granting the equitable relief, proceed to do complete equity, and to that end grant incidental relief which may be awarded at law. But the rule is likewise as firmly settled that if the equitable relief sought is denied, the court cannot retain jurisdiction and grant relief available at law. There must be equitable relief as a basis for supplemental relief."

See also City of Huntsville v. Miller et al., 271 Ala. 687, 127 So.2d 606; Dickinson v. Bradford, 59 Ala. 581, 31 Am.Rep. 32. We quote from the latter case as follows:

"* * * A court of equity having jurisdiction of a case, will generally settle the entire litigation, though it may involve the enforcement of legal demands, for which there is an adequate remedy at law. This is true only when the court has jurisdiction of the primary purposes of the bill, and the right to relief in respect to them is shown, and the legal demand is consequent to them. The rule does not apply when the primary objects of the bill fail. * * *" (59 Ala. 586)

We do not think that appellant should be allowed to escape the mandate of Act 673, supra, fixing the time of appeal, by relying on a supplemental allegation for legal damages which would be without jurisdictional foundation except for the equitable feature seeking custody of the child. We will not indulge in a hypothetical case that may present a different set of facts.

The motion of respondents to dismiss the appeal has merit and is well taken. It is ordered that the appeal be and the same is dismissed.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.