220 So.2d 269

**C. W. SPENCE et al., Executors**

**v.**

**W. P. FRAZIER.**

**7 Div. 789.**

Supreme Court of Alabama.

March 6, 1969.

Starnes & Holladay, Pell City, for appellants.

Embry & Robinson, Pell City, and Fred Blanton, Birmingham, for appellee.

SIMPSON, Justice.

The Appellee in this case has filed a motion to dismiss the appeal based upon the following:

The final decree in this case was rendered on December 12, 1966. A motion for rehearing was filed within thirty days and was timely continued until June 10, 1967, when a decree was entered overruling the motion for rehearing. This decree will not support an appeal. Equity Rule 62; Money v. Galloway, et al., 236 Ala. 55, 181 So. 252; Scott v. Scott, 247 Ala. 266, 24 So.2d 25; Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422.

Thereafter, on June 20, 1967, the appellants filed an appeal bond, which recited:

"Whereas, at the June 10th Term, 1966 [sic], of the Circuit Court of and for said County, on, to-wit: the 10th day of June, 1967, the said W. P. Frazier recovered a judgment in said Court against C. W. Spence and Billy L. Spence, as executors of the last will and testament of Venie Spence, deceased, for the sum of TWO THOUSAND, TWO HUNDRED, and 88/100 DOLLARS * * * and where as; on this day the said C. W. Spence and Billy L. Spence as executors of the last will and testament of Venie Spence, deceased, as such defendants have prayed and obtained an appeal from said judgment to the Supreme Court to be holden of and for said State."

As noted, the decree overruling the motion for rehearing will not support an appeal, but it does suspend the running of the time for appealing from the final decree until such time as the decree denying the motion for rehearing is entered. Consequently, here the appellants had six months from June 10, 1967, in which to appeal from the final decree dated December 12, 1966. The appeal bond, however, recited that the decree was taken from the non-appealable decree of June 10, 1967.

On December 11, 1967, this court entered its order allowing the appellants to amend their appeal bond. The bond was amended on December 13, 1967, reflecting the fact that the appeal was taken from the final decree of December 12, 1966.

Under these facts, the appeal must be dismissed on appellee's motion. The appeal here was not taken within six months of June 10, 1967, since the appeal bond was not filed until December 13, 1967.

In Odom v. Jeffords, 281 Ala. 512, 205 So.2d 591, this court stated:

"We do not think that the amendment of the security for costs had the effect of perfecting the appeal on the final decree within the time prescribed by law as hereafter appears. The original security for costs and the appeal on the decree denying the motion for rehearing were *functus officio* and without legal efficacy for two reasons: (a) * * * and (b) no appeals lies on a decree denying a rehear-

ing unless there was a modification. The security for costs of appeal on the decree denying the motion for rehearing was incapable of amendment because of its invalidity as above appears."

 Although Title 7, §§ 805 and 806, Code of Ala. 1940, recomp. 1958, allows the amendment of appeal bonds, these sections do not abrogate the necessity of bringing the appeal to this court within six months. In this case the appeal from the final decree was taken more than six months after the decree denying the motion for rehearing and under the mandate of Odom v. Jeffords, supra, the same must be dismissed.

Motion to dismiss granted.

LIVINGSTON, C. J., and COLEMAN and BLOODWORTH, JJ., concur.