311 So.2d 436

**Debbie Sharon Epps RIDDLE**

**v.**

**CHILDREN'S AID SOCIETY OF JEFFERSON COUNTY, a Corporation, and the Department of Pensions and Security of the State of Alabama.**

**Civ. 558.**

Court of Civil Appeals of Alabama.

April 16, 1975.

Rogers, Howard, Redden & Mills, Birmingham, Hamm & Shipman, Huntsville, for appellant.

Cabaniss, Johnston, Gardner, Dumas & O'Neal, and Drayton Scott, Birmingham, for Children's Aid Society of Jefferson County.

William J. Baxley, Atty. Gen., Mary Lee Stapp, and Jamie L. Pettigrew, Asst. Attys. Gen., for Dept. of Pensions and Security of the State of Ala.

HOLMES, Judge.

Appellant-mother appeals to this court from a judgment entered by the Circuit Court of Jefferson County wherein appellee's motion to dismiss appellant's petition was granted.

The petition filed by appellant indicates the following:

Appellant is the natural mother of a male child born out of wedlock on May 18, 1972, and for whom paternity was not established. On June 6, 1972, appellant filed a petition with the Family Court of Jefferson County wherein she stated that the child was "dependent or neglected" and that the best interests of the child would be served by committing the child to appellee-Children's Aid Society of Jefferson County, for permanent placement or adoption. The same day a decree was issued by the Family Court of Jefferson County terminating and severing all parental rights of appellant in the child and giving the care and custody of the child to the appellee-Children's Aid Society.

On December 18, 1973, appellant filed a complaint in the Circuit Court of Jefferson

County. In this complaint, appellant alleged that at the time of the decree she was eighteen years of age and unmarried and was, therefore, legally incapable of filing said petition or of entering into any binding contract or consenting to a judgment in any court. She further alleged that no summons was served on her or upon her minor child and that no guardian ad litem was appointed to represent her, a minor, and she was therefore not represented by legal counsel at the time she surrendered the rights to her child.

Appellant's petition sought to declare the judgment of the family court void and to vacate it; to declare §§ 314 and 315 of Tit. 62, Code of Ala.1940 (Recomp.1958), unconstitutional; and therefore to award to her the care, custody, and control of the child born out of wedlock.

In response to this complaint, both appellees filed motions to dismiss. Both motions were based on the contention that the circuit court lacked jurisdiction.

On May 1, 1974, the circuit court held that jurisdiction of the matter was, in fact, in the family court and accordingly granted appellee's motions to dismiss.

On October 22, 1974, appellant appealed the decree of May 1, 1974, to the Alabama Supreme Court, assigning as error the granting of the motion to dismiss.

The supreme court transferred the case to this court on April 1, 1975, by the following order:

"This cause having been duly submitted for final decision on briefs, it is considered that *it is in essence an appeal in a child custody case,* and that the Court of Civil Appeals has jurisdiction of this case.

"It is, therefore, ORDERED that the case be transferred forthwith to the Court of Civil Appeals." (Emphasis ours)

Appellee timely filed a motion to dismiss the appeal, assigning as grounds thereto that appellant's appeal was not timely filed.

The order of the Jefferson County Circuit Court appealed from by appellant was rendered on May 1, 1974. The appeal was taken on October 22, 1974.

To this court the thrust of appellant's petition primarily is to gain custody of the child (See Odom v. Jeffords, 281 Ala. 512, 205 So.2d 591), a point specially noted by the supreme court in its order transferring the case to this court.

In view of the above, the appropriate statute, in this instance, governing the time for taking an appeal is Tit. 7, § 789(1), Code of Ala.1940 (Recomp.1958), which reads as follows:

"Appeals from decrees affecting custody of children.—Appeals to the supreme court or to the court of appeals from judgments or decrees *affecting the custody of children must be taken within sixty days from the date upon which such judgment or decree was rendered.* Such cases on appeal shall be considered preferred cases." (Emphasis ours)

The motion of appellee is therefore due to be granted in that the appeal was not timely taken.

Appeal dismissed.

WRIGHT, P. J., and BRADLEY, J., concur.